Nov. Term,
1859.

RODMAN and Others *v.* KELLY.

RODMAN
v.
KELLY.

Section 71, 2 R. S. p. 464, authorizes an action before a justice of the peace to recover possession of personal property taken by attachment issued from the Common Pleas, against a person other than the plaintiff, where the value of the property is not more than 100 dollars.

A notice to take depositions "in the office of the clerk of *Marshall* county, in the state of *Illinois*," is too vague as to place; but where the deposition was not in the record, nor shown to have been read upon the trial, and the Supreme Court had no means of determining its character, it was *held* that the error was not sufficient to reverse the judgment.

APPEAL from the *Boone* Circuit Court.

*Friday,*
*December 9.*

WORDEN, J.—This was an action for the possession of certain articles of personal property, brought by the appellee against the appellants, before a justice of the peace.

On appeal to the Circuit Court, the defendants moved to dismiss the cause for want of jurisdiction in the justice. The motion was overruled and exception taken.

Trial by the Court; finding and judgment for the plaintiff below. New trial moved, on the ground that the Court improperly overruled a motion to suppress a deposition taken by the plaintiff.

The ground of the motion to dismiss the cause, was that the property was taken by the defendant, *Rodman*, as the sheriff of *Boone* county, by virtue of a writ of attachment issued from the *Boone* Common Pleas against one *Joseph Kelly*, at the suit of the other defendants, as the property of said *Joseph Kelly*. It is insisted that in such case, a justice of the peace has no jurisdiction.

If this were a proceeding under the provisions of the statute "authorizing proceedings to try the right of property seized by virtue of any writ of execution or attachment," &c. (2 R. S. p. 493), the objection would probably be well taken, as that statute contemplates such proceedings before a justice only in cases where the property has been seized by virtue of process issued by a justice. *Matlock* v. *Strange*, 8 Ind. R. 57. It is insisted that the foregoing statute is the only one giving justices jurisdiction in cases where property has been seized by execu-

tion, &c., and as he has no jurisdiction under this statute where the property was seized by process issued from the Common Pleas, therefore, the proceeding before the justice was without authority, and void.

This suit was instituted under the provisions of § 71, 2 R. S. p. 464, which, in our opinion, clearly authorizes it. Under this latter statute, a plaintiff may, in all cases, proceed before a justice where his personal property, not exceeding in value 100 dollars, has been wrongfully taken or unlawfully detained by any other person, where "the same has not been taken by virtue of any execution or other writ against him."

A party, where his property has been seized by virtue of an execution or attachment against another person, is not confined to the remedy provided on page 493 of the code, but may proceed to replevy the same under the other provisions of the statute.

The motion to dismiss the cause was correctly overruled.

The motion to suppress the deposition was based upon alleged insufficiency of the notice in respect to the place where the same was to be taken. The notice specified that the depositions were to be taken "in the office of the clerk of the Circuit and District Court of *Marshall* county, in the state of *Illinois*." This notice is vague and unsatisfactory as to place. A person in *Indiana* could not, perhaps, be presumed to know at what particular town or place the clerk of a Court in another state kept his office. If the place is fixed by a law of *Illinois*, still a person here would not be bound, nor would he be expected, to notice the law of another state. But still, admitting the notice to be insufficient, we think the error is not sufficient to reverse the judgment.

The deposition is not contained in the record, and we have no means of determining its character, or ascertaining whether there was anything in it that worked an injury to the defendants. The record does not even show that it was read on the trial of the cause at all. This question has, in principle, been already determined. Thus, in the

case of *Culbertson* v. *Stanley*, 6 Blackf. 67, an improper
question was asked of a witness, and an objection to it
overruled. It was held to be erroneous; but the Court
say, as a reason why the error was not fatal, "the record
does not contain the answer of the witness, nor inform us
whether he answered the question at all or not, we do not
know whether the defendant was injured by it or not."
Again, in the case of *Jones* v. *Doe*, 1 Ind. R. 109, objection
had been made to certain witnesses introduced. The Court
say: "The record does not disclose what was stated by
the witnesses objected to, and it is, therefore, impossible
for this Court to determine what was the nature of the
testimony given by them, or what influence it could have
had upon the jury, if any."

So in the case at bar, we are not informed whether the
deposition was read on the trial, or if read, there is nothing
before us from which we can say that the defendants were
injured thereby.

*Per Curiam.*—The judgment is affirmed with costs.

*A. J. Boone*, for the appellants.

*T. J. Cason*, for the appellee.