## SNYDER v. SNYDER.

PRACTICE.—*Objection Waived.*—The question of the sufficiency of the facts stated in an answer or reply cannot be first raised in the Supreme Court.

DEPOSITION.—*Who May Write.*—A party on whose behalf a deposition is taken, or his attorney, may write the questions, but not the answers thereto.

SAME.—*Harmless Error.*—Where a question and answer in a deposition are not relevant to any issue, an error in overruling a motion to strike them out will be harmless.

WITNESS.—*Examination.*—*Leading Question.*—*Discretion.*—Upon objection to a leading question propounded to a witness, a discretion must be left to the court trying the cause, to be exercised in reference to the character of the investigation, the condition and disposition of the witness, and the peculiar circumstances attending the examination.

SAME.—The overruling of an objection to a leading question, put to a witness, is not an available error, unless the record shows that the party objecting was injured by the answer.

SAME.—Where a question is leading, but is answered as though properly asked, the Supreme Court will not reverse the judgment for an abuse of discretion on the part of the lower court.

From the Grant Circuit Court.

*A. Steele* and *R. T. St. John,* for appellant.

*R. W. Bailey,* for appellee.

Snyder *v.* Snyder.

BUSKIRK, J.—This was an action by the appellee against the appellant, upon three promissory notes.

Answer by way of set-off. Reply in denial, and payment of the items embraced in the bill of particulars.

Trial by court, and finding for appellee. Motion for new trial overruled, and judgment on finding.

The appellant has assigned the following error : That the court erred in overruling the motion for a new trial.

Counsel for appellant discuss the sufficiency of the second paragraph, of the reply, but there is no such question in the record. There was no demurrer to the reply. Counsel discuss the question upon the theory that defects in an answer or reply are not waived by a failure to demur, but may be assigned for error in this court. This is a mistake. Objections not taken to an answer or reply by demurrer are waived. A failure to demur does not waive the objections that the court possesses no jurisdiction over the subject of the action, and that the complaint does not state facts sufficient to constitute a cause of action, but such objections may be assigned for error, without a demurrer in the lower court. The statute does not extend to an answer or reply. Besides, there is no assignment of error that the second paragraph of the reply does not state facts sufficient to constitute a defence to the answer, even if such an assignment would in any case be proper.

A motion was made in the court below to suppress certain depositions, but the motion was overruled, and that ruling was assigned as a reason for a new trial. The motion was based upon two grounds : 1. That the notice is vague and indefinite. 2. That it appears from the certificate of the officer that the questions were written by the attorney for the appellee, but the answers thereto were written by the officer.

We think the notice is sufficient. It is proper for the party or his attorney to write the questions, but not the answers thereto. McDonald's Treatise, 108.

The appellant also moved to suppress the third, fourth, and fifth questions and answers in the deposition of appellee, and the third question and answer in the deposition of John

Gentner, and the second question and answer in the deposition of Samuel Snyder, upon the ground that the questions were leading.

The court suppressed the fourth and fifth questions and answers in the deposition of appellee, and the second question and answer in the deposition of Samuel Snyder.

This leaves for decision the question whether the court erred in refusing to suppress the third questions and answers in the depositions of appellee and John Gentner.

The third question and answer in the deposition of appellee are as follows :

" Ques. 3. State, if you know, what the notes which are the foundation of this action were given for money loaned to the defendant. State fully.

"Ans. The notes upon which this action was brought were for money loaned, excepting the fifty-dollar note was given to Samuel Snyder, and from him transferred to me."

We do not find it necessary to decide whether the above question was so far leading as to render it objectionable, for the reason that there was no answer which put in issue the consideration of the notes. The answer admitted the notes, but relied upon a set-off. The error, if one was committed in overruling the motion to suppress, was entirely harmless. It did not in any way injuriously affect the substantial rights of the appellant.

John Gentner, in answer to the second question, stated that he was present when a settlement was made between the parties, and when the notes in suit were executed. The third question and answer were as follows:

"Ques. 3. Did Henry Snyder claim anything at that time from his father for any other services for himself and wife ?

"Ans. He did not claim anything from his father at that time, and acknowledged that he was indebted to him at the time to the amount of the said note. I was doing the business of Henry Snyder, Sr., at that time," etc.

A leading question is one which suggests to the witness the answer desired ; but a discretion must be left to the court trying

the cause, to be exercised in reference to the character of the investigation, the condition and disposition of the witness, and the peculiar circumstances attending the examination. 1 Greenl. Ev., sec. 435 ; *Williams* v. *Allen,* 40 Ind. 295 ; *Moody* v. *Rowell,* 17 Pick. 490 ; *Donnell* v. *Jones,* 13 Ala. 490 ; *Walker* v. *Dunspaugh,* 20 N. Y. 170.

Greenleaf, in sec. 435, *supra,* says : " Indeed, when and under what circumstances a leading question may be put, is a matter resting in the sound discretion of the court, and not a matter which can be assigned for error."

In *Williams* v. *Allen, supra,* it is said : " It is insisted that one of the witnesses, a son of the deceased, introduced by the defendant, was so hostile to the defendant, that the court should have allowed the examination of him to assume the form of leading questions. This was demanded by the defendant, and refused by the court. This is a matter so much within the discretion of the court trying the cause, that this court would require a strong case to justify it in reversing a judgment for the refusal to allow the privilege, if it would in any case reverse a judgment for that reason. 1 Greenl. Ev., sec. 435."

The overruling of an objection to a leading question, put by the plaintiff to one of his witnesses, cannot be assigned for error, unless the record shows that the defendant was injured by the answer of the witness. *Culbertson* v. *Stanley,* 6 Blackf. 67 ; *Rodman* v. *Kelly,* 13 Ind. 377.

The question under examination suggested to the witness the answer desired. It might have been answered by " yes " or " no," but it was not so answered. It was answered as though the question had been properly asked. The answer is, " He did not claim anything from his father at that time." A leading question is objectionable, because it may affect the answer thereto. It did not have that effect in the present case.

The case is not strong enough to justify this court in reversing the judgment for an abuse of discretion on the part of the lower court, if any was committed. All of the answer except the part last quoted was not responsive to the question, and

should have been struck out as irrelevant, but no such motion was made. The only objection 'urged was, that the question was leading.

The judgment is affirmed, with costs.