No. 8902.

## BLIZZARD v. APPLEGATE.

INSTRUCTION.—*Practice.*—It is not error to refuse an instruction substantially given in another form.

SAME.—*Conflict of Evidence.—Jury.*—It is not the privilege of the jury to reconcile conflicting evidence or not, as whim or caprice may suggest; but, when it can be reasonably done, it is a duty to be performed with care and judgment, and so the court should instruct.

SAME.—*Preponderance of Evidence.*—Where there is a conflict of evidence as to the value of services sued for, the court should refuse to instruct the jury, that, if it can not determine whether the plaintiff or defendant has the preponderance of evidence, it should find for the defendant.

SAME.— *Value of Services.—Set-Off.*—In a suit for labor and services, payment and set-off being pleaded, it is not error to instruct the jury, that they should *allow* the plaintiff the fair, reasonable value of the services as shown by the proof, when other instructions direct that the defendant be *allowed* for such payments and set-off as the evidence establishes.

SAME.—*Consideration.*—An instruction, being applicable to the issues and evidence, that "If it is shown that the note in suit was given after the suit of B. and others against B. was affirmed, and after the work for which the note was given was performed, these are facts you should consider in connection with the other evidence, in determining whether either a want or failure of consideration has been proved," is not erroneous.

SAME.—The jury was instructed that, "If B. employed A. to prosecute a suit (for which services a recovery was sought), and A. faithfully discharged his duty therein, he is entitled to be paid therefor, if he has not been paid, although the litigation terminated to the dissatisfaction and detriment of B." At most, this was harmless; but, if the evidence was such as to involve want of success as an element in determining the value of the services, then it was proper.

SAME.—*Prejudice.*—It is not error to admonish the jury of the gravity of the duties resting on both jury and court in the trial of a cause, or to impress upon the jury the necessity of carefully avoiding the influence

Blizzard *v.* Applegate.

of prejudice; and if, in the conduct of the cause, an attempt has been made to excite class prejudice, on account of the profession or employment of either party, it is the duty of the court thus to rebuke it.

SAME.—*Attorney.*—The refusal of the court to allow an attorney, in his argument to the jury, "to comment" on instructions which the court had, before argument, indicated its purpose to give, under the statute (R. S. 1881, sec. 534,) when the nature of the comments prohibited is not shown by the record, is not available error.

EVIDENCE.—*Withdrawal of.*—There is no available error in the admission of improper evidence, if the same be distinctly withdrawn before the argument begins, and the jury be expressly instructed to disregard it.

SAME.—In a suit by an attorney to recover for professional services in a suit, evidence of the reputation and skill of the opposite attorney, and of the ability and skill displayed by the plaintiff, if it be irrelevant, is also harmless.

WITNESS.—*Leading Questions.*—The allowance of leading questions to witnesses is largely in the discretion of the court, and is not available error, unless it clearly appears that the court has abused its discretion, and that injury has resulted.

From the Carroll Circuit Court.

*F. W. Coombs* and *J. A. Sims,* for appellant.
*A. W. Reynolds* and *L. B. Sims,* for appellee.

NEWCOMB, C.—The appellee sued the appellant on a complaint in two paragraphs. The first was based on a promissory note, the second on an account for services as an attorney, and for money expended in the business of the appellant. The sum claimed in the bill of particulars filed with this paragraph was $1,336.10.

To the first paragraph the defendant answered a want of consideration, and failure of consideration. To the second, the answers were a general denial, payment, and set-off. Reply in denial of the affirmative answers.

A jury trial resulted in a verdict of $600 for the plaintiff. Motion for a new trial overruled, and judgment on the verdict. The appellant has assigned for error the overruling of his motion for a new trial.

The principal matter of controversy below was the amount properly due to the appellant for his services in a case

(*Blizzard* v. *Hays*) in the Cass Circuit Court, and in the Supreme Court. The appellant assumes that the jury did not allow the appellee anything on the note, and earnestly insists that the evidence does not sustain the verdict on the second paragraph. The verdict was general; we are therefore unable to determine whether or not the jury included the amount apparently due upon the note in the verdict; but there was evidence upon which they could have found for the plaintiff upon the issues under the first paragraph of the complaint; and, if necessary to sustain the verdict, we must presume that they did so, the record showing nothing to the contrary. There were some charges in the appellee's account on which there was little or no conflict in the testimony, which will be noticed presently:

The testimony of the witnesses as to the value of appellee's services in attending court at divers times, twice trying the case of *Blizzard* v. *Hays,* and bringing the case to this court and procuring a reversal of the judgment rendered against Blizzard at the first trial, varied from $200 to $1,100—extremes sufficiently divergent to allow a large latitude to the jury in fixing upon the amount of their verdict. The appellant testified that there was a special contract between himself and the appellee, by which the latter was to be paid twenty-five dollars for his attendance at each term of the Cass Circuit Court, and fifty dollars for trying the case. There were two jury trials, and from the evidence the jury might have found that the appellee attended twelve terms of the circuit court while prosecuting that case. The evidence as to the value of appellee's services in the Supreme Court varied from $50 to $500, and the appellant testified that the appellee told him it would not cost much, if any, over $100 to take the case to the Supreme Court.

The appellant further testified that he had paid the appellee, on fees, $335. The latter testified that the payments he had received, after deducting actual expenses refunded, was

Blizzard v. Applegate.

$186.42. It was for the jury to say which was the true amount. Taking the testimony of the appellant, as to the alleged special contract, to be true, and assuming that the jury allowed for some other services sums clearly within the range of the evidence, the verdict can be accounted for by the following figures :

| | | |
|---|---|---|
| Amount of the note, interest, and attorney's fees, provided for in the note, - - - - - | $177 | 30 |
| Attending court twelve terms, - - - | 300 | 00 |
| Two trials, - - - - - - - - | 100 | 00 |
| Fee in Supreme Court, - - - - - | 100 | 00 |
| Taking depositions at Mattoon, Ill., - - - | 60 | 00 |
| Taking depositions at Monticello, Ind., - - | 15 | 00 |
| Fees in two cases White Circuit Court, - - | 50 | 00 |
| | $802 | 30 |
| Payments on account, - - - - - | 186 | 42 |
| Balance, - - - - - - - | $615 | 88 |

It is plain from this showing that we can not disturb the verdict on the ground of insufficient evidence or excessive damages.

The appellant claims that all the witnesses who testified by deposition for the plaintiff, gave their estimate of the value of the services of the latter in the Hays case, in answer to a hypothetical question which did not truly state the facts, and therefore their testimony should be disregarded. As we have shown, the jury could have found, and possibly did find, their verdict on evidence entirely outside of that given on the hypothetical case submitted to those witnesses. But it was for the jury to determine whether the facts stated in the hypothetical question were truly stated ; and there being some conflict of evidence on that point, their finding must be respected, assuming that the answers to the hypothetical question had any influence on the verdict.

Again, the witness who placed the appellee's fees at the highest figure was the attorney for Hays in the litigation in question, and testified from his own knowledge of the services rendered by the appellee. His estimate was $600 for the two trials, and $500 for the case in the Supreme Court.

The other causes assigned for a new trial will be considered in their order, viz. :

1. That the court erred in refusing the following instructions asked by the appellant: "Before the plaintiff can recover for the amounts of the several items in the second paragraph of his complaint, he must show by a preponderance of the evidence that he performed the work and labor, and furnished the money therein charged, at the special instance and request of the defendant; and as to the work and labor therein charged for, before he can recover for the same the amounts claimed by him therefor, he must show by the weight of the evidence that they were of such value."

There was no error in refusing this instruction, as it was substantially embraced in the seventh instruction given by the court on its own motion.

2. That the court erred in refusing the ninth instruction submitted by the defendant, as follows: "It is the privilege of the jury, if they can, to reconcile conflicting testimony, but they are not bound to do so. It is incumbent upon the plaintiff, before he can recover on the second paragraph of his complaint, to make it out by a fair weight of the evidence, and if the jury find such a conflict in the evidence that they can not determine whether the plaintiff or the defendant has the greater weight, then as to all items in said second paragraph, falling within such conflict, about which the jury can not determine, they must find for the defendant."

This instruction, so far as it was correct, was but stating in different language the principle enunciated in the seventh instruction given, namely, that it was incumbent on the

Blizzard *v.* Applegate.

plaintiff to prove the matters set up in the second paragraph of his complaint by a fair preponderance of the evidence. But the instruction refused was objectionable in itself. The principal controversy below was not upon the question whether services were rendered, but as to their value, and on the question of value the evidence was conflicting. Because witnesses disagreed as to value, that was no reason for allowing nothing, yet the court was asked to instruct the jury that if they were unable to determine which conflicting estimate of value was correct, they must as to such item find for the defendant; in other words, if the plaintiff's witnesses fixed the value of a given service at $200 and the defendant's witnesses at $100, and the evidence as to amounts was evenly balanced, the jury should allow nothing. The most that could be asked by the defendant in that case would be that the lowest amount should be allowed.

3. That the court erred in the seventh instruction given on its own motion. In this instruction the court said: "As to the second paragraph of the complaint, the burden of proof is on the plaintiff, and before he can recover thereon he must show by a preponderance of the evidence that he did the work, or some of it, sued for, at the instance and request of the defendant. So far as the second paragraph of the complaint is based upon a claim for services rendered as an attorney I instruct you, the plaintiff claims that he was employed to render the services sued for, and that there was no special contract as to what he was to be paid for such services. If you find from the evidence that plaintiff rendered the professional services sued for, or any of them, at the request of the defendant, without any agreement as to what he was to have for the service, then as to such services the law implies that he was to be paid the fair value of such services, and you should allow the fair, reasonable value thereof, as shown by the weight of the evidence."

In the eighth instruction, the jury were told that if the services, if any were rendered, were rendered under a special contract as to what was to be paid for them, then the price agreed upon must govern the jury in fixing the value thereof.

The criticism of appellant on the seventh instruction is, that it informed the jury that they might find a verdict against the defendant on the second paragraph of the complaint upon the proof of only a part thereof, without directing them as to the amount they might find on such partial proof, and without reference to whether or not the defendant had established payment of such part so proved to have been performed. If the plaintiff had proved some but not all the items embraced in his second paragraph, the court did not err in saying that he should be allowed for what he had proved, and if all were proved that he should be allowed for all. No jury, of the most ordinary judgment, could have misunderstood the instruction. In the eighth instruction given on the defendant's motion, and the tenth given by the court of its own motion, the duty of the jury as to allowing the defendant such payments and matters of set-off as he had proved, was stated as favorably to the defendant as he asked, or had a right to ask.

4. The ninth instruction is also excepted to, viz.: "If you find from the evidence that the note in suit was given after the suit of Blizzard and others against Blizzard and others was affirmed by the Supreme Court of Indiana, and after the work for which the note was given should have been done, these are facts you should consider in connection with the other evidence, in determining whether either of the pleas of want or failure of consideration has been proved." It was in evidence that the note in suit was given for the balance of a fee agreed to be paid to the plaintiff for instituting an action to review a judgment rendered in the case named in the instruction, and to carry

the same to the Supreme Court if not successful in the court below. The note was given some time after that litigation terminated. Some effort was made on the trial of this cause to show that the appellee did not do all he should have done in the case of Blizzard v. Blizzard; and there was also evidence that, with full knowledge of all the facts, the appellant gave the note in suit. It was proper that the jury should consider these circumstances, as they tended to show that when the note was given the appellant recognized the appellee's right to the compensation that had been agreed upon.

The appellant cites us to *Kintner* v. *The State, ex rel.*, 45 Ind. 175, *Cain* v. *Hunt*, 41 Ind. 466, and *Bowen* v. *Lazalere*, 44 Mo. 383, as authorities against this instruction. In the two Indiana cases, the instructions assumed that certain facts had been proved, and they were held erroneous for that reason. The Missouri case holds, that, where there is any evidence tending to prove a fact in issue, such evidence must be left to the jury, and it is error to charge the jury for whom they shall find a verdict. Neither of the cases touches the instruction in question, and we think it is correct, both in form and substance.

5. The following is the twelfth instruction, which was also excepted to: "The mere fact, if it be a fact, that the litigation between Blizzard and Hays did not result to such advantage to Blizzard as he may have hoped it might, does not preclude the right of Applegate to recover in this action. If Blizzard employed Applegate to prosecute that suit, and if Applegate honestly and faithfully discharged his duties in that behalf, he is entitled to be paid for his services, if he has not been paid, although the litigation terminated to the dissatisfaction and detriment of Blizzard."

Appellant's counsel say of this instruction: "It was wholly outside of the issues in the case. There was no defence that Mr. Applegate had not performed his duties prop-

erly, no question of malpractice, no pretence but that the re-covery, if any, should be for the actual service rendered."

According to this, the instruction was, to say the most of it, harmless, and therefore not a proper subject of complaint. But the statement of appellant's counsel as to the question of results, is not in entire harmony with the record. Evidence was introduced by the defendant showing that his action against Hays was fruitless; and, in the hypothetical question propounded to his witnesses, touching the value of the plaintiff's services, the result of the litigation was named as an element to be considered in estimating the proper amount of compensation to the plaintiff for his services. There was no error in this instruction.

6. Instruction number fifteen is also claimed to be erroneous. We copy: "It is your duty to reconcile conflicts between witnesses, if you can; but, if you can not, then you are to say which you will credit and which you will not, being guided by good faith and an honest desire to arrive at the truth."

The position of appellant's counsel on this instruction is, that it is a matter of choice with a jury whether it will or will not attempt to reconcile conflicting testimony, and, therefore, it was error to charge that it was the duty of the jury to reconcile such testimony, if they could.

It is the duty of a jury to find a verdict according to the evidence, and to do this they must consider all the evidence. They may not arbitrarily reject a part without considering it. If there is apparent conflict on material points, the very necessity of the case requires them to ascertain whether it is practicable to reconcile the conflicting statements of witnesses, and yet give such credit to each witness as he apparently deserves. If they can, it is their province to do so, and each party has a right to the exercise of their best judgment in this particular. The right and the duty of a jury, in weighing and considering evidence, are synonymous terms.

We think there was no error in this instruction. *Moore* v. *Kendall*, 2 Pinney (Wis.) 99 ; *Johnson* v. *Whidden*, 32 Me. 230. This instruction was preceded by an unexceptionable charge concerning the right of the jury to determine the credibility of the witnesses, and what was proved by the evidence. Also, that they had no right, arbitrarily and without reason, to disregard the testimony of any witness, though they might and should disregard it if there were good reasons for so doing.

7. The eighteenth instruction is also alleged to be erroneous. In the closing paragraph of the seventeenth, the judge said to the jury: "Your verdict in this case will chiefly turn upon questions of fact, and therefore the great responsibility in this case rests upon you." He then proceeded to say, in the eighteenth charge, that "It is always a grave responsibility to be charged with the duty, either as judge or jury, to settle a legal controversy and fix the legal rights between our fellow-men ; but this duty is now devolved upon us, and it should be discharged faithfully, fearlessly and impartially. These parties have under the law submitted their dispute to our decision, and in coming to our decision we are to be guided, not by our caprice, or prejudice, or individual preference, but by the law and the evidence." The argument urged against this charge is, that in it the judge assumed that he and the jury were the triers of the facts, and, being so instructed, the jury would vigilantly watch for indications of the views or leanings of the judge upon the evidence. We think there is no ground for such objection. The court had already told the jury that they must take the law to be as given them by the court, and that the responsibility of determining the facts rested upon them, and they could not have understood otherwise from anything said in the eighteenth instruction.

8. The last instruction called in question is the nineteenth, which reads as follows: "If either one of you is

possessed of such a feeling of unjust hostility against lawyers or their fees, or if either of you has any such feeling of prejudice against either of the parties or their claims, in this case, as will interfere with your rendering a fair and honest verdict, according to the law and the evidence, you owe it to yourselves and to these parties to put such feeling behind you until you shall have discharged your duty as jurors in this case."

The appellant argues that this charge was impertinent and outside of any issue in the case; that it tended to benefit the appellee and to injure the appellant; that it assumed that the jury shared in an unjust hostility to lawyers to such an extent that the appellee was likely to be injured by it, when, in fact, there was no evidence of such prejudice. As a matter of advice to the jury to divest themselves of prejudices, if any they had, and to determine the case on the facts alone, we think this instruction is not objectionable. We can readily suppose a case where such admonition to a jury may be not only proper, but necessary. If, in the case in hand, an effort had been made in argument to array prejudice against either party on account of his profession or employment, it was the right of the court to caution the jury to discard such considerations. It is the duty of the trial court to keep the scales of justice evenly balanced, and to rebuke any attempt to carry a case before a jury by exciting class prejudices, or invoking distinctions of race, religion, politics, or otherwise, between the litigating parties. That this was done in the case before us we do not know, nor do we know that it was not; but, the contrary not appearing, we must presume there was a proper reason for giving the instruction.

9. The next cause alleged for a new trial was, that the court, after having indicated that it would give certain instructions prayed by the defendant, as provided in the act of March 29th, 1879, refused to defendant's counsel the right

of commenting on such instructions in his argument to the jury. The act above cited provides that, during the argument to the jury, any instructions so indicated to be given may be read to the jury as the law of the case, and the court shall give the same to the jury as the law, when such jury is instructed by the court.

The bill of exceptions does not state that the court prohibited the reading of said instructions, nor that they were not read to the jury by appellant's counsel in his argument. What comments counsel desired to make on the instructions, is not stated. If he wished to reinforce the opinion of the court by favorable comments to the jury upon the instructions, such comments would have been superfluous and unseemly. The statute says nothing of the right of a party to comment upon the instructions the court has indicated its intention to give. The party may read them to the jury and comment on the facts as applicable to the law so announced by the court; and it does not appear that this right was denied to the appellant.

10. The appellant claims that certain evidence of the witnesses Ross and Daily, as to the ability and skill of the appellee as an attorney, was improperly admitted over his objection; and that certain testimony given by the witness Huff, in which he stated that an attorney who sat by and saw a cause tried could form a somewhat better judgment of the value of the services of an attorney engaged in the trial, than could be formed on a hypothetical case submitted to a witness. But these portions of the testimony were distinctly withdrawn by the plaintiff before the argument, and the jury was expressly instructed not to consider said testimony. If there was any error in admitting said evidence, the error was cured by its withdrawal and the accompanying instruction to the jury.

11. Error is also alleged in permitting the witness Ross to testify, over the objection of the defendant, to the repu-

---

Blizzard *v.* Applegate.

---

tation for skill and ability of the attorney for the defendant in the case of Blizzard *v.* Hays.

Granting that such testimony was irrelevant, it could not possibly have injured the appellant.

12. Furthermore, error is alleged in allowing appellee to put leading questions to his witness Ross, and permitting such questions to be answered; also, that the court erroneously allowed the appellee to prove by said witness that appellee conducted the case of Blizzard *v.* Hays "carefully, and with judgment and ability."

We do not think the questions objected to were leading. The testimony as to the ability with which appellee managed his client's case, if not legitimate, was harmless. In noticing the appellant's objections to the twelfth instruction we quoted from his brief the statement that there was "no defence that the appellee had not performed his duties properly, no question of malpractice, no pretence but that the recovery, if any, should be for the actual service rendered." How, then, was it possible for the appellant to be injured by the testimony complained of?

13. The last error alleged is the ruling of the court in permitting certain questions to be propounded to, and answered by, the plaintiff in his examination-in-chief, in rebuttal. The defendant had testified, that in a certain conversation with the plaintiff he had informed the latter that another attorney had offered to assist in the trial of the Hays case for twenty-five dollars, and that the plaintiff remarked that that was too much.

The defendant had also testified, that the plaintiff advised him, after the first trial of the Hays case, to appeal to the Supreme Court, and assured him that he could easily reverse it; that the defendant then asked what it would cost to appeal the case, to which the plaintiff replied, that "it ought not to cost me over $100—but little over that."

Blizzard *v.* Applegate.

Relative to the first conversation, the plaintiff was asked the direct question whether he made the statement testified to by the defendant. His answer was: "I don't think he ever said anything to me, or I said anything to him." The next question was: "Did you ever say to Mr. Blizzard that you would take the case of *Blizzard* v. *Hays* to the Supreme Court, and that it should not cost him to exceed one hundred dollars?" The witness answered: "I never said to Mr. Blizzard that taking the case of *Blizzard* v. *Hays* to the Supreme Court should not cost him over one hundred dollars."

The objections made to these questions were, that they were incompetent and irrelevant in rebuttal, and that they were leading, and suggested the answer desired.

The evidence could not be given otherwise than in rebuttal, as it was in answer to the testimony of the defendant.

We do not deem it necessary to discuss the mooted question as to the proper mode of interrogating a witness who is called to contradict some specific statement of another. Such questions must be controlled largely by the judgment and discretion of the trial court, and there must be a clear abuse of such discretion to justify a reversal on account of allowing or overruling a leading question. *Williams* v. *Allen*, 40 Ind. 295 ; *Snyder* v. *Snyder*, 50 Ind. 492. In the case last cited it was said that "The overruling of an objection to a leading question, put by the plaintiff to one of his witnesses, can not be assigned for error, unless the record shows that the defendant was injured by the answer of the witness."

The first question and answer were immaterial, and the second answer did not really contradict the testimony of the defendant. According to the statement of the latter, one hundred dollars was an approximate estimate by the plaintiff of the cost of appealing the Hays case to the Supreme Court ; while the testimony of the plaintiff simply denied that he named that as the maximum amount.

VOL. 77.—34

Not only does the record fail to show that the appellant was injured by this particular evidence, but, as suggested in a former part of this opinion, it may fairly be inferred that the jury adopted, as the basis of the allowance in the Hays case, the testimony of the defendant himself.

The judgment of the circuit court ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the costs of the appellant.