The Howe Machine Company *v.* Brown *et al.*

---

No. 7822.

THE HOWE MACHINE COMPANY *v.* BROWN ET AL.

PROMISSORY NOTE.—*Answer.*—*Fraudulent Representations.*—To enable a defendant to defeat an action against him on a promissory note, on account of fraudulent representations inducing him to sign it, he must show that the representations were concerning some material matter, that they were false, that they were such as he had a right to rely upon, that he did rely upon them, and that he was deceived thereby.

SAME.—*Fraud.*—*Allegations and Proof.*—The facts necessary to establish fraud must be alleged and proved by the party who relies upon it.

SAME.—*Surety.*—*Pleading.*—*Defalcation.*—In such case, an answer, that one of the defendants was surety on the bond of his brother as agent of plaintiff, that, after the termination of the period for which it was given, he was continued as agent and became a defaulter, that agents of the plaintiff represented to the defendants that his defalcation occurred while the bond was in force, and that they would at once commence suit upon the bond and criminal proceedings against the principal, must clearly show that he was not guilty of any defalcation while the defendant was liable as his surety, and that the defendants relied upon the alleged representations of liability.

SAME.—*Inducements.*—In such case, an allegation, that the notes were executed "to avoid litigation and the shame of a criminal prosecution against

VOL. 78.—14

their brother, and in consequence of fear of the same," implies that other inducements than the supposed liability of the defendant as surety entered into the transaction.

From the Cass Superior Court.

*D. C. Justice,* for appellant.

*D. B. McConnell,* for appellees.

NIBLACK, J.—Action by the Howe Machine Company against Jasper N. Brown, Francis M. Brown and Samuel S. Brown, on two promissory notes.

Jasper N. Brown answered separately in two paragraphs, upon which issue was joined.

Francis M. Brown and Samuel S. Brown jointly answered:

First. A want of consideration for the execution of the notes.

Second. Substantially as follows:

For further answer, they say that they separately, each for himself, admit the execution of the notes in suit, but that the plaintiff should not recover in this suit for the following reasons: The defendant Francis M. Brown was at one time the surety and liable upon the bond of the defendant Jasper N. Brown, and one Simon Lepinsky, as the agents of the plaintiff for the sale of sewing machines manufactured by it; that said liability began on the 6th day of April, 1875, and terminated by the dissolution of the partnership of the said Jasper N. Brown and Simon Lepinsky on the 10th day of September, 1875; that, after the said dissolution, the plaintiff, without the knowledge of the said Francis M. Brown, continued the said Jasper N. Brown as its agent, and he, subsequent to the said dissolution, became and was a defaulter for a large sum; that the said Jasper N. Brown resided in another county, at a distance from the residence of the said Francis M. Brown; that the plaintiff, by its agents, after said defalcation, then came to the said Francis M. Brown, and falsely and fraudulently represented that the said defalcation occurred during the time said bond was in force, and grew out of the credit given and trust reposed in the said Jasper N. Brown and his said partner, and that

he was liable on said bond for said defalcation, and in aid of said false pretences, and for the purpose of inducing him to become responsible for the amount of said defalcation, exhibited the notes of the said Jasper, and, claiming that he admitted the same, threatened that in case he, the said Francis M. Brown, did not sign said notes with said Jasper, and procure another person who was responsible to sign with him as his security, they, said agents, would at once bring suit on said bond on account of said defalcation ; and defendants aver that this was at the house of said Francis, in the country, eight miles from town or any place where he could obtain legal advice ; that he requested the plaintiff's agents to delay action until he could obtain advice or communicate with said Jasper N. Brown in relation to the facts, and they refused to do so, threatening that they would commence suit upon said bond at once, and further, that they would at once commence criminal proceedings against the said Jasper N. Brown, who is a brother of these defendants ; that, relying upon the truth of the statements of the plaintiff's agents, and being in ignorance of the truth in relation thereto, and without any means of ascertaining the same, to avoid litigation and the shame of a criminal prosecution against their brother, and in consequence of fear of the same, induced by the said false and fraudulent representations of the plaintiff's agents, he consented to sign said notes, and procured the defendant Samuel S. Brown to sign the same with him as his security, it being then and there declared and understood that the said Jasper N. Brown was wholly worthless and insolvent and not to be expected to pay said notes or either of them when they became due.    Wherefore defendants say said notes are wholly void.

Francis M. Brown, also, answered separately, setting up similar representations by which he was induced to sign the notes, averring such representations to have been false.

Demurrers were overruled to the second paragraph of the joint answer of Francis M. Brown and Samuel S. Brown, and the separate answer of the said Francis.

Issue; trial by jury; verdict for the plaintiff against Jasper N. Brown and in favor of the other defendants, Francis M. Brown and Samuel S. Brown.    Judgment in accordance with the verdict.

The plaintiff has appealed, and argues that the demurrer ought to have been sustained to the second paragraph of the answer of the said Francis M. and Samuel S. Brown, set out as above.

To enable a defendant to defeat an action like this on account of fraudulent representations, it must be shown that the representations were concerning some material matter, that they were false, that they were such as he had a right to rely upon, that he did rely upon them and was deceived thereby. 6 Wait's Actions and Defenses, 816 ; *Frenzel* v. *Miller*, 37 Ind. 1 ; *Jones* v. *Hathaway*, 77 Ind. 14 ; *Elsass* v. *The Moore's Hill, etc., Institute*, 77 Ind. 72.

The facts necessary to establish fraud must be averred and proved by the party who alleges and relies upon it.    Wait, *supra*, 820.

With these well recognized principles in view, we think it was not made sufficiently to appear by the paragraph of answer complained of, that Jasper N. Brown was not guilty of any defalcation while he was in partnership with Lepinsky, and that Francis M. Brown was not in any manner liable to the plaintiff as the surety of the said Jasper.

Nor was it sufficiently averred that the defendants Francis M. Brown and Samuel S. Brown relied upon the alleged representations, as to the liability of the said Francis as the surety of the said Jasper, in the execution of the notes.

The allegation that the notes were executed " to avoid litigation and the shame of a criminal prosecution against their brother, and in consequence of fear of the same," fairly implied, that inducements other than the supposed liability of the said Francis entered into the transaction.

The paragraph of answer under discussion appears to us, therefore, to have been bad upon demurrer.

The plaintiff also argues that the demurrer ought to have been sustained to the separate answer of Francis M. Brown, but as, for the reasons given, the judgment will have to be reversed, we have not considered the objections urged to that answer.

The judgment, as to all the defendants below, is reversed, at the costs of the appellees, and the cause remanded for further proceedings.