Guy *et al. v.* Blue *et al.*

---

GUY ET AL. *v.* BLUE ET AL.

[No. 17,857. Filed January 27, 1897.]

PLEADING.— *Fraud.— Necessary Allegations of Fraud.*—The use of epithets in a pleading is not sufficient to show fraud, but the facts constituting the fraud must be distinctly averred.

SAME.—*Fraud.—Action to Set Aside Deed.*—In an action to set aside a deed alleged to have been procured by fraud it must appear from the averments of the complaint that there was an intention to deceive and that in reliance upon the facts, with the use of ordinary care, they were acted upon in good faith and the deception accomplished to the prejudice of the other party.

APPEAL AND ERROR.—*Waiver of Error.—Failure to Discuss Errors in Brief.*—Where a demurrer is sustained to a complaint for the reason that the action is barred by the statute of limitations and such ruling is assigned as error on the ground that the complaint shows that the action is excepted from the operation of the statute, the questions thus raised goes to the sufficiency of the facts averred in the complaint and the failure to discuss the question of the sufficiency of the complaint will be considered a waiver of the error.

From the Kosciusko Circuit Court. *Affirmed.*

*Wood & Bowser, Bertram Shane* and *L. W. Royse,* for appellants.

*H. S. Biggs* and *M. H. Summy,* for appellees.

McCabe, J.—The appellants sued the appellees in a complaint of two paragraphs, to set aside certain deeds of conveyance of certain lands in Kosciusko county. The issues joined were tried by the court, resulting in a finding and judgment for the defendants.

The only error assigned calls in question the action of the trial court in sustaining a demurrer to the amended second paragraph of the complaint.

The substance of that paragraph is as follows: "The plaintiff, Susan Guy, and her husband, Lorenzo D. Guy, complain of the defendants and say, that on April 21, 1885, and for several years prior thereto, one William Blue was the owner in fee-simple of certain lands which are particularly described in Kosciusko county, Indiana; that on said day said William was over eighty years old, and was then, and had been for more than five years prior thereto, greatly enfeebled, both in body and mind, and so continued until his death, and by reason thereof easily susceptible to the influence, arts and persuasions of others; that during said period of time the defendants, Simeon, Benjamin, Samuel, and Peter W. Blue, sons of said William, well knowing his weak and enfeebled condition aforesaid, corruptly conspiring, contriving and intending to profit thereby, and to cheat and defraud said William of said lands, made frequent visits to him, and by means of persistent, continuous and undue persuasion, and undue, corrupt and overpowering influence exercised by said defendants over and upon said William, so wrought upon the mind and inclinations of said William that on said day, April 21, 1885, they procured the said William to execute to each of said defendants, Simeon, Benjamin, Samuel, and Peter W. Blue, a separate deed, purporting to convey to each a certain described portion of said land; that said defendant, Sarah M. Blue, being then the wife of said

William, joined in said pretended conveyances; that at the time of the execution of said instruments said lands were of the value of $18,000; that said instruments were procured by the defendants, Simeon, Benjamin, Samuel, and Peter W., through the corrupt, fraudulent, and dishonest practices and means aforesaid, by which the will and intent of the said William were by said defendants wholly overpowered and controlled; that said defendants, by means of said corrupt, fraudulent and dishonest practices and means aforesaid continued to so control the will and judgment of said William up to the time of his death, and thereby continued to prevent him from obtaining a knowledge or discovering that he had by the aforesaid means been defrauded of his said lands; that during his life time he did not discover the same, and by the means aforesaid defendants concealed from said William the fraud that had been practiced upon him; that on February, 1893, the said William departed this life, leaving surviving him as his only heirs his widow, Sarah M. Blue, who was his second wife, and by whom he had no children, and defendants, Simeon, Benjamin, Samuel, and Peter W., and the plaintiff, Susan, his children by a former marriage; that unless said deeds are set aside they will deprive the plaintiff, Susan, of the one-fifth of said lands, which she would inherit from her father; that before bringing this suit she rescinded and disowned said deeds and notified said defendants, Simeon, Benjamin, Samuel, and Peter W. thereof. Wherefore," etc.

The only question discussed by counsel on both sides relates to the question, not whether the facts stated in the paragraph are sufficient to constitute a cause of action, but whether the court was justified in sustaining the demurrer on the ground that the facts stated in the pleading showed that the cause of

action was barred by the statute of limitations. Against the bar of the statute the appellants' counsel contend that the pleading showed that the alleged fraud had been so concealed that the action is exempted from the operation of the statute. But if the action is to be regarded as one for relief against fraud, then the court's ruling in holding the paragraph bad is justified, because no fraud is charged. If epithets liberally applied to the defendants were sufficient the paragraph might be regarded as good. But it has long been well established that the use of epithets in a pleading is not sufficient to show fraud, but the facts constituting the fraud must be distinctly averred. An intention to deceive must appear and that in reliance upon the facts, with use of ordinary care, they were acted upon in good faith and the deception accomplished to the prejudice of the other party. *Hardy* v. *Brier*, 91 Ind. 91; *Howe, etc., Co.* v. *Brown*, 78 Ind. 209; *Fry* v. *Day*, 97 Ind. 348; *Bennett* v. *McIntire*, 121 Ind. 231; *Conant* v. *Nat'l, etc., Bank*, 121 Ind. 323; *Stroup*, v. *Stroup*, 140 Ind. 179, 27 L. R. A. 523; *Jackson* v. *Myers*, 120 Ind. 504.

The appellants' counsel contend that the statute of limitations furnishes no excuse for the ruling of the circuit court. But the ground of the contention is a misconception. They contend that the pleading showed that the action was exempted from the operation of the statute because of the concealment of the cause of action alleged in the paragraph, and cite in support of such contention *Dorsey Machine Co.* v. *McCaffrey*, 139 Ind. 545. It is there said: "The rule is, that where the limitation in a certain case is absolute, and there are no exceptions to the running of the statute, and the complaint shows, upon its face, that the action is commenced after the time limited, the question can be raised on demurrer. But where there

Guy *et al.* v. Blue *et al.*

are exceptions to the period limited by statute, in any case, and the complaint shows, upon its face, that the action was not brought within the time limited, still the question cannot be raised by demurrer to the complaint, unless it also shows that the particular action is not within any of the exceptions to the statute.

"The complaint in the case under consideration does not show this. The law in this State is adverse to the contention of the appellant corporation. *Hanna, Admr.,* v. *Jeffersonville R. R. Co.,* 32 Ind. 113; *Potter* v. *Smith,* 36 Ind. 231; *Harlen* v. *Watson,* 63 Ind. 143; *Baugh* v. *Boles,* 66 Ind. 376; *Kent* v. *Parks,* 67 Ind. 53; *Cravens* v. *Duncan,* 55 Ind. 347.

"At the time the plaintiff's cause of action accrued, she was an infant, and might also have labored under some other supervening disability that arrested the progress of the statute and exempted her from its effect, or she might have rested under divers other legal incapacities, for aught that appears in the complaint." Burns' R. S. 1894, sections 293-307 (R. S. 1881, 292-306).

There are many exceptions and disabilities mentioned in this statute exempting cases coming within them from the operation of the statute. For instance, the plaintiff might have been under disability, and hence the question whether the action was brought too late under the statute could not be presented or raised by the demurrer. Hence the correctness of the ruling of the court in overruling the demurrer to the paragraph must depend upon the question whether the facts stated in the paragraph are sufficient to constitute a cause of action. Just such a paragraph of complaint was involved in *Wray* v. *Wray,* 32 Ind. 126. The trial court there, as here, had held the paragraph bad, and this court holding that the same evidence was admissible under the other paragraph setting up substantially the same facts with the addition of the

allegation of unsoundness of mind, held that "there was no available error in sustaining the demurrer."

But this court, in that connection, remarked that: "We do not wish to be understood, however, as holding that the paragraph to which the demurrer was sustained is good. To say the least, it is not a good specimen of pleading." The first paragraph in this case, like that of the case last cited, set up the same facts with the additional allegation of unsoundness of mind, but unlike that case the first does not allege fraud and undue influence.

But as to whether the facts stated in the paragraph, including the allegations of fraud and undue influence, are sufficient to constitute a cause of action, neither the appellant nor the appellee have said one word in their briefs. As said in *Bonnel* v. *Shirley*, 131 Ind. 362: "Nor is there even a suggestion of any reason, or ground, for holding the action of the court below erroneous."

The demurrer, the sustaining of which was assigned for error, challenges the sufficiency of the facts stated in the paragraph.

Not a single reason is assigned nor authority cited in appellants' brief why such facts are sufficient to constitute a cause of action, or why the trial court erred in holding them insufficient in sustaining the demurrer. It is said by Judge Elliott, in his App. Proced., section 444, that: "It is essential that all points be made in the brief, and properly made; if not so made they are waived. Many cases affirm this doctrine, although the phrase employed usually, not always, however, is, all questions not made in the briefs are regarded as waived." The cases cited in support of the text are, *W. U. Tel. Co.* v. *Kilpatrick*, 97 Ind. 42; *Wright* v. *Abbott*, 85 Ind. 154; *Stockton* v. *Lockwood*, 82 Ind. 158; *Fairbanks* v. *Meyers*, 98 Ind. 92; *Ohio,*

*etc.*, *R. W. Co.* v. *Nickless,* 73 Ind. 382; *Daniels* v. *McGinnis*, 97 Ind. 549; *Kennell* v. *Smith*, 100 Ind. 494; *Pittsburg, etc., R. R. Co.* v. *Williams*, 74 Ind. 462.

We therefore hold if there was any error in sustaining the demurrer to the amended second paragraph of the complaint such error was waived by appellants' failure to discuss the question in their briefs.

Judgment affirmed.