## INDIANA UTILITIES COMPANY v. WAREHAM.

[No. 9,461.   Filed January 30, 1918.]

1. APPEAL.—*Briefs.—Waiver of Error.*—Assigned error is waived by appellant's failure to refer to it in the points and authorities in its brief.   p. 545.

2. NEGLIGENCE.—*Failure to Use Ordinary Care.—Averments of Complaint.—Sufficiency.*—In an action for personal injuries alleged to have been sustained as a result of defendant's negligence in leaving exposed and unguarded a hole dug by it in a public highway, a complaint averring that defendant, engaged in constructing transmission lines for furnishing electric light, dug a hole in a highway and negligently left it open and exposed without any guard, signal or warning of danger to persons passing, sufficiently charges that defendant failed to exercise reasonable care, and that it was negligent in the manner of conducting the work.   p. 546.

3. ELECTRICITY.—*Use of Highway by Electric Light Company.—Care Required.*—The fact that an electric light company had a franchise to use a public highway in the construction of transmission lines gave it no right to negligently expose the traveling public to the dangers of an open and unguarded post hole in the road, since the franchise was granted subject to the primary use of the highway for the public travel.   p. 547.

4. WITNESSES.—*Leading Question.*—Leading questions are such as suggest to the witness the answer desired, or which, embodying a material fact, admit of a conclusive answer by a simple negative or affirmative.   p. 547.

5. WITNESSES.—*Leading Questions.*—The mere mention of the subject to which the witness is desired to direct his answers cannot be regarded as making any suggestion as to what the answer shall be, for it is impossible to examine a witness without referring to or suggesting the subject upon which he is to answer.   p. 547.

6. WITNESSES.—*Leading Questions.*—The questions, "State what has been the condition of your bowels since the accident?" and "What was your condition as to being cold when you got home?" are not leading.   p. 548.

7. APPEAL. — *Review. — Harmless Error. — Leading Question.* — Although the question, "State to the jury whether since the accident you have had any trouble in getting rid of your urine," may be technically subject to the objection that it is leading, the error in permitting it is of a technical character which will not authorize a reversal, in view of §§407, 2221 Burns 1914, §§398,

Indiana Utilities Co. *v.* Wareham—66 Ind. 542.

1891 R. S. 1881, providing that there shall be no reversal for technical error. p. 548.

8. APPEAL.—*Briefs.—Sufficiency.*—Where appellant's briefs do not set out enough of the evidence to permit the court to determine, without reference to the record, whether an objection to a question was tenable, no question thereon is presented for review, since the court will not search the record to reverse a cause. p. 549.

9. APPEAL.—*Review.—Admission of Evidence.—Discretion of Court.*—The refusal of the trial court to sustain an objection to a question on the ground that the matter had been fully covered was within the court's discretion, and the ruling on such objection presents no error authorizing a reversal. p. 549.

10. APPEAL.—*Review.—Refusal to Strike Out Evidence.—Discretion of Trial Court.*—The refusal to strike out an answer to a question on the ground that it is not responsive, being largely within the discretion of the trial court, does not constitute reversible error. p. 549.

11. APPEAL.—*Briefs.—Sufficiency.—Presenting Grounds of New Trial.*—The mere statement in appellant's brief of a ground of the motion for a new trial presents no question for review. p. 550.

12. HIGHWAYS.—*Injuries to Pedestrian.—Action.—Instructions.— Invading Province of Jury.*—In an action for personal injuries sustained by plaintiff as a result of stepping in an unguarded post hole in a public highway, an instruction that, if plaintiff, had she been looking where she was walking, could have seen the hole and avoided falling into it, then she was chargeable with contributory negligence and could not recover, was erroneous as invading the province of the jury and was properly refused, since it made the question of plaintiff's contributory negligence depend not on whether she used due care, but solely on whether she could have seen the hole had she looked where she was walking. p. 550.

13. HIGHWAYS.—*Injuries to Pedestrian.—Action.—Instructions.— Contributory Negligence.*—In an action for personal injuries sustained by plaintiff stepping in an unguarded hole in a public highway, an instruction that, if plaintiff was ignorant of defects in the highway, and the traveled portion thereof was muddy and the sides covered with grass and sod, then it was not negligence for her to travel along the side of the highway, was a correct statement of the law, and the fact that such instruction ignored some other features of plaintiff's alleged contributory negligence did not make it erroneous. p. 550.

14. APPEAL.—*Review.—Instructions.—Failure to Set Out Evidence. —Presumptions.*—Where appellant failed to set out the evidence

in its brief, the court on appeal is authorized to assume that the evidence warranted the giving of an instruction, where such evidence would have been admissible under the averments of the complaint. p. 551.

**15. APPEAL.—*Review.—Excessive Damages.—Waiver of Error in Instruction.*—**Where appellant failed to question the amount of the verdict, in an action for personal injuries, as being excessive, it waived the objection that a given instruction allowed the jury, in estimating damages, to consider all facts in evidence regardless of their relevancy. p. 552.

**16. HIGHWAYS.—*Injuries to Pedestrian.—Care Required.—Instruction.*—**In an action for personal injuries sustained by plaintiff stepping into a hole in a public highway, an instruction that a person traveling along the highway is not required to keep his eyes upon the ground, but only to make such use of his faculties as would a reasonably prudent person under the circumstances, was correct. p. 552.

From Steuben Circuit Court; *Dan M. Link,* Judge.

Action by Sarah Wareham against the Indiana Utilities Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Best & Yotter, Alphonso C. Wood* and *Taylor & Chasnoff,* for appellant.

*George W. Crooks* and *Brown & Carlin,* for appellee.

HOTTEL, J.—This is an appeal from a judgment for $1,200 rendered in favor of appellee in an action brought by her against appellant for damages alleged to have been sustained as a result of appellant's negligence in leaving exposed and unguarded a hole which it had dug in a public highway.

Appellant assigns as error upon which it relies for reversal: (1) The overruling of its motion to require appellee to make more specific her second amended complaint; (2) the overruling of its demurrer to said complaint; (3) the overruling of its motion for a new trial.

Appellant has waived its first assigned error by failure to include or refer to it in its points and authorities. *Riley* v. *First Trust Co.* (1917), 65 Ind. App. 577, 117 N. E. 675; *Guy* v. *Blue* (1896), 146 Ind. 629, 45 N. E. 1052.

The averments of the complaint necessary to an understanding of the nature of the action and our disposition of appellant's second assigned error, *supra,* are as follows:

Appellant is a corporation engaged in operating an electric light plant in the city of Angola for furnishing light and power to said city, and other towns in Indiana. During the fall of 1913 appellant was engaged in the construction of transmission lines for the purpose of furnishing light, etc., to the towns of Waterloo and Hudson. As part of such work, appellant dug holes for the purpose of erecting therein poles, on which to place its transmission wires along the public highway running north from Center street, in the town of Waterloo. Appellant dug one of these holes in said highway about six and one-half feet deep, and about ten rods north of the north corporate line of said town, and wrongfully, negligently and unlawfully left said hole open and exposed and without any guard, signal or warning of danger to persons passing along said highway. On March 25, 1915, at about eight o'clock p. m., appellee was traveling along said highway, and stepped into said hole and fell. At that time she had no knowledge of the existence of said hole, and was unable to see it on account of the darkness, and she then had no notice that she incurred any danger in traveling along said highway. As a result of said fall, appellee was greatly injured in her back, arm, sides, etc., and her health was greatly impaired. Said injuries were caused by the negli-

gence of appellant in leaving said hole open, exposed and unguarded, and without warning or signal of danger, and were caused without any negligence of appellee contributing thereto.

In its points and authorities, under the point that the court erred in overruling its demurrer to said complaint, appellant states two abstract propositions, which are substantially as follows: (1) That its use and occupancy of said highway was lawful, because it had a franchise from the board of commissioners of DeKalb county to occupy said highway; (2) that unless the work that was being performed by appellant was in itself unlawful or a nuisance, appellant would be liable to appellee only if it was negligent in the manner of conducting the work.

As against the objections which we assume appellant seeks to raise by these propositions, we think that the complaint is sufficient. It avers that appellant dug a hole about six and one-half feet deep and thirty inches in diameter, *in* a highway, at a point ten rods beyond the corporate limits of a town. It became appellant's duty, having dug such a hole, to use ordinary care to prevent injury to persons using such highway. The averment that appellant *negligently* left said hole open and exposed without any guard, signal or warning of danger to persons passing, sufficiently charges that appellant failed to exercise such reasonable care, and that it was ''negligent in the manner of conducting the work.'' *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 602, 100 N. E. 675, 102 N. E. 99; *Lafayette Telephone Co.* v. *Cunningham* (1916), 63 Ind. App. 136, 114 N. E. 227, 229, and cases cited; *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co.* (1914), 57 Ind. App. 644, 656, 657, 104 N. E. 866, 106 N. E. 739, and cases cited.

Whatever right to use said highway may have been given to appellant by the board of commissioners of said county was necessarily given with reference to the primary use of the highway for public travel, and hence gave appellant no right to negligently expose the traveling public to the danger alleged to have caused appellee's injury. *Delaware, etc., Tel. Co.* v. *Fleming* (1913), 53 Ind. App. 555, 102 N. E. 163.

Under the third error assigned, viz., the overruling of its motion for a new trial, appellant challenges the overruling of its objections to three questions, propounded to appellee on direct examination, on the ground that they were leading and suggestive of the answers sought to be elicited. These questions, and the answers made thereto, are as follows: Q. "State to the jury whether since the accident you have had any trouble in getting rid of your urine?" A. "Yes, sir." Q. "State what has been the condition of your bowels since the accident?" A. "My bowels are sore and hurt." Q. "What was your condition as to being cold when you got home?" A. "I was cold—pretty near froze."

Leading questions are such as "suggest to the witness the answer desired, or which, embodying a material fact, admit of a conclusive answer by a simple negative or affirmative." 2 Taylor, Evidence (8th Eng. ed. 1262a) §1404; *DeHaven* v. *DeHaven* (1881), 77 Ind. 236, 240, Greenleaf, Evidence §434.

The mere mention of the subject to which the witness is desired to direct his answers cannot be regarded as making any suggestion as to what the answer shall be, for "it is impossible to examine a witness without referring to, or suggesting the subject upon which he is to answer." *Lincoln* v. *Wright* (1841), 4 Beav. (Eng. Rolls Ct.) 166; *DeHaven* v. *DeHaven, supra.*

When tested by the standards above set out, the second and third questions, *supra,* are not subject to appellant's objection. They merely mentioned

6. the subjects, viz., the condition of appellee's bowels and appellee's condition as to being cold or otherwise, to which it was desired that the witness should direct her answers.

The first question, *supra,* may be technically subject to said objection, but even if so, a discretion as to permitting such questions must be left to

7. the trial court, to be exercised with proper regard to the character of the investigation, the condition and disposition of the witness, and the particular circumstances attending the examination. *Snyder* v. *Snyder* (1875), 50 Ind. 492, 494; *Williams* v. *Allen* (1872), 40 Ind. 295; 1 Greenleaf, Evidence, §435.

Generally speaking, a ruling, if erroneous, is presumed to be harmful, but the errors, if any, resulting from the rulings *supra* are of that technical character contemplated by §§407, 2221 Burns 1914, §§398, 1891 R. S. 1881, upon which a reversal should not be predicated, unless the record is such as. to affirmatively indicate that the appellant was injured thereby. *Culbertson* v. *Stanley* (1841), 6 Blackf. 67; *Rodman* v. *Kelly* (1859), 13 Ind. 377; *Snyder* v. *Snyder, supra.* There is nothing in the question and answers here involved, or in the record, to justify this court in saying that the rulings thereon were harmful.

Appellant says that there was error in permitting witness Darby, a physician, to answer the following question on redirect examination: "In regard to this matter of constantly attending her, didn't you visit her oftener?"

This was objected to at the trial on the sole ground that the matter had been fully covered. The briefs

do not set out enough of the evidence for us to say without referring to the record, whether this objection was tenable. We will not search the record to reverse a cause. We might add that the objection indicated was one appealing to the discretion of the trial court, and the ruling thereon would in no event present such an error as would be available on appeal. The witness answered this question as follows: "I didn't see the need of visiting her oftener, it takes a little time to overcome bruises, and in the second place she had been an economical woman, careful and saving, and I told her to call me when she wanted me."

Appellant at the trial moved the court to strike out this answer on the sole ground that it was not responsive to the question. Appellant has not set out any of the evidence that preceded this question and answer, and we do not know what was meant by that part of the question "in regard to this matter of constantly attending her," and hence cannot know, without resort to the record, whether the answer was or was not responsive. However, the only objection to the answer being that it was not responsive to the question, the refusal to strike it out was a matter largely within the discretion of the trial court, and for the reasons indicated in our discussion of the last two alleged errors, does not constitute reversible error.

Appellant challenges the action of the trial court in admitting and excluding certain evidence of the witness A. D. Wood, a physician. This witness was asked by appellant for his opinion as to the possibility of improvement in appellee's physical condition if she had received regular medical attention during the year just preceding the trial. An objection by appellee was sustained. The same witness on redirect examination was permitted to answer a question ask-

ing for his opinion as to the probable effect upon appellee's system of a certain surgical operation. Appellant objected to this question on the ground that it called for an opinion upon a state of facts not in evidence. Each of these rulings is urged as error, but appellant's brief does not present either of them, as nothing appears therein from which this court can say whether or not the objection made in either instance was tenable.

Its brief is likewise insufficient to present those grounds of appellant's motion for a new trial which challenge the verdict as being contrary to law, and not sustained by sufficient evidence. The mere restatement of a ground of the motion for a new trial presents no question. *Inland Steel Co.* v. *Smith* (1906), 168 Ind. 245, 252, 80 N. E. 538.

The action of the court in refusing to read to the jury appellant's instruction No. 14 is challenged. It contained the following proposition: If you find that, had she been looking where she was walking, appellee could have seen said hole and avoided falling into it, then she was chargeable with negligence contributing to her injury, and cannot recover in this action. This instruction is obviously erroneous in that, instead of making the question of appellee's contributory negligence depend on whether she used ordinary care, it makes such question depend solely on *whether she could have seen the hole* if she had looked where she was walking. By giving it, the court would have invaded the province of the jury.

Appellant objects to the giving of instruction No. 1, tendered by appellee, on the ground that it informed the jury that certain acts of appellee would constitute negligence, and that it thus withdrew from the jury's attention any other circumstances bearing on her negligence. That part of the

instruction relating to contributory negligence told the jury that if appellee was ignorant of defects in the highway, and the traveled portion of the highway was muddy and the side thereof covered with grass and sod, then appellee's traveling along the side of the highway was not negligence. This is a correct statement of the law. The instruction only purported to cover one element of appellee's alleged negligence. The mere fact that it ignored some other feature of contributory negligence did not make the giving of it error. For substantially the same reason, instruction No. 2 is not subject to the objection made by appellant.

Instruction No. 7, tendered by appellee, was to the effect that appellee, in traveling along said highway had the right to presume that said highway was safe and free from holes and pitfalls, and that it was not negligence for her to fail to anticipate that holes or pitfalls had been made and left unguarded in the highway. Appellant objects to this instruction on the ground that there is no presumption that the untraveled part of a country highway is free from pitfalls, and that the instruction erroneously applied to a country highway the rules that apply to city streets. Whether a rule affecting said question, different from that having application generally to the streets of a city, should obtain where a country highway is involved, we need not determine. The correctness of an instruction must be determined with reference to the issues and evidence to which it was applied. There can be no doubt that under the averments of the complaint the evidence may have shown an unguarded hole of such kind and character that appellee's failure to anticipate its presence in the highway could furnish no ground for the imputation of negligence on her part. Appellant's failure to set

out the evidence in its brief authorizes us to assume that evidence of the character indicated was given in the cause.

Appellant objects to Instruction No. 9, given by the court, on the ground that it allowed the jury, in estimating damages, to consider all facts in evidence, whether relevant or not. It is questionable whether the instruction is open to said objection, but in any event, no evidence is indicated in appellant's brief which it claims had any prejudicial effect on said question, except that of Dr. Darby, indicated *supra*. We are unable to see wherein this evidence could have had any effect on the question of damages. There is, however, another reason why there could be no reversal of the judgment below on account of any error resulting in the giving of said instruction, though it were conceded to be harmful. Appellant has not questioned the amount of the verdict as being excessive, and has thereby waived the objection sought to be made. *Pittsburgh, etc., R. Co. v. Macy* (1915), 59 Ind. App. 125, 140, 107 N. E. 486, and cases there cited.

Objection is made also to instruction No. 10, given by the court. It told the jury that a person traveling along the highway is not required to keep his eyes upon the ground, but only to make such use of his faculties as would a reasonably prudent person under the circumstances. This is a correct statement of the law.

For the reasons indicated, the judgment of the trial court is affirmed.

NOTE.—Reported in 118 N. E. 572. See under (16) 37 Cyc. 295-298. Duties and liabilities of electric corporations, generally, 100 Am. St. 515.