## LOGAN ET UX. *v.* SMITH.

PRACTICE.—*Sufficiency of Clerk's Certificate to Record on Appeal.*—A certificate of the clerk to the record as follows: " The foregoing is a full, true and complete copy of all the papers filed, proceedings had and judgment rendered in the above entitled cause in said court, on file and of record in my office," is sufficient, on motion to dismiss the appeal in the Supreme Court.

SAME.—*Notice of Appeal.—Motion to Dismiss*—Where it appears by the record that the appellant's co-defendants have been duly notified of the appeal, a motion to dismiss the appeal, for the reason that notice has not been given, will not be sustained by the Supreme Court.

SAME.—*Parties to an Action to Foreclose Mortgage.*—Where a party purchases real estate and assumes to pay one-half of certain mortgages thereon, he is a proper party to a suit to foreclose the mortgage, but is not liable to a personal judgment for more than one-half of the mortgage debt.

From the Marion Circuit Court.

*R. D. Logan, J. S. Reid* and *I. Klingensmith,* for appellants.

*J. R. Parmalee* and *L. L. Norton,* for appellee.

WORDEN, J.—This was an action by Sarah A. M. Smith, against Reuben D. Logan, Mary A. Logan, Cuvier B. Higgins, Mary D. Higgins, Andrew Smith and Nicholas R. Ruckle.

The complaint alleged, in substance, that on June 17th, 1873, Cuvier B. Higgins and Andrew Smith exe-

cuted a promissory note payable three years after the date thereof, to the order of Nicholas R. Ruckle, for the sum of one thousand and sixteen dollars and sixty-six cents. Also, that on the same date the same makers executed a note for the like amount, payable at the same time, to the order of James R. Pearson and James B. Dickson, both of which notes have come to the plaintiff by endorsement, and are due and unpaid; that on the 17th day of June, 1873, the makers of the notes above mentioned executed a mortgage to Ruckle, Pearson and Dickson on certain real estate described, situate in Marion county, to secure the payment of the notes above mentioned and some others, the others having been since paid; that the mortgage was duly recorded; that afterward, on the 21st day of July, 1873, the said Cuvier B. Higgins and Mary D., his wife, executed a conveyance to Reuben D. Logan for the undivided half of the property thus mortgaged. The conveyance to Logan is set out as part of the complaint. In it are the following stipulations:

" This conveyance is made subject to three mortgages, viz.: " (here two are described prior to that in question); " also, one dated June 17th, 1873, to secure the payment of six promissory notes of one thousand dollars each, and due two in one year, two in two years, and two in three years after date, with six per cent. interest from date, to one-half of all which grantee assumes and agrees to pay."

The complaint prayed for judgment against Higgins, Smith, Ruckle and Logan, for three thousand dollars, and for the foreclosure of the mortgage. Logan and his wife demurred to the complaint for want of sufficient facts, but their demurrer was overruled, and they excepted. They then answered. We need not state what was done by the other parties, for they are making no question here.

The issues joined between the plaintiff and Logan and

Logan *et ux. v.* Smith.

his wife were submitted to the court for trial. The court found that there was due to the plaintiff on the notes and mortgage sued on, from the defendants Andrew Smith and Reuben D. Logan, the sum of two thousand seven hundred and eighty-two dollars and fifty cents, and rendered a personal judgment against them therefor, and for the foreclosure of the mortgage. Logan moved for a new trial, upon the ground, among others, that the finding was not sustained by the evidence, but the motion was overruled, and exception taken.

Errors are assigned only in the names of Logan and his wife as appellants, among other things, that the court erred in overruling the demurrer to the complaint, and in overruling the motion for a new trial.

We are met with a preliminary motion to dismiss the appeal, which must be disposed of before proceeding to the consideration of the questions arising upon the record. The grounds of the motion to dismiss are, that the certificate of the clerk to the record is insufficient, and that notice has not been given of the appeal to the appellants' co-defendants below.

The certificate of the clerk is as follows: " I, Austin H. Brown, do hereby certify that the foregoing is a full, true and complete copy of all the papers filed, proceedings had, and judgment rendered in the above entitled cause in said court, on file and of record in my office. In witness," etc.

This certificate we regard as sufficient.

It appears by the record, that the appellants' co-defendants below have been duly notified of the appeal; besides, there is a joinder in error by the appellee.

The motion to dismiss the appeal can not be sustained.

We come to the questions in the record.

The demurrer to the complaint was properly overruled, because Logan was a proper party to the action to foreclose, he being the owner of the equity of redemption

of the undivided half of the property mortgaged, whether he was personally liable for the debt or any part of it, or otherwise. But, in the showing made, we do not think he was personally liable for the whole debt, and perhaps not for any of it.

In the conveyance to him of the undivided half of the property, he assumed to pay one-half of certain mortgages. We do not see how, under this assumption, the plaintiff could hold him personally liable for more than one-half of her debt. Besides this, the mortgage in question is not properly described in the deed to Logan as one, the half of which he assumed to pay. He assumed to pay the half of a mortgage given to secure the payment of notes for $1,000 each. This, it will be seen, is not the amount of the notes in question. If the mortgage in suit was the one intended to be described in the deed, but by mistake the notes were misdescribed, perhaps the deed should have been reformed in this respect.

On the facts shown, the appellant Reuben D. Logan was not personally liable, at most, for more than half of the plaintiff's debt, and he was entitled to a new trial in respect to his personal liability.

The personal judgment against him for the amount of it must, therefore, be reversed.

But there is no error in the judgment of foreclosure and for the sale of the property to pay the debt, and in this respect it should be affirmed.

The judgment against the appellant Reuben D. Logan, for the amount found due the plaintiff, is reversed, with costs, and the judgment for the foreclosure of the mortgage and sale of the mortgaged premises to pay the debt, etc., is affirmed.