Filed May 10, 1891.

⸻ ◆ ⸻

No. 14,965.

MILLS ET AL. *v.* HARDY ET AL.

| 128 | 311 |
| 136 | 459 |
| 128 | 311 |
| 148 | 150 |
| 128 | 311 |
| 155 | 311 |
| 155 | 656 |

DRAINAGE.—*Appeal.*—*Parties.*—*Judgment for Costs.*—*Collateral Attack.*—Under the drainage law of 1875 (Acts 1875, p. 97) an appeal from the board of county commissioners transfers the entire cause to the circuit court for trial *de novo*, and all the persons who were parties to the cause before such board are parties in the circuit court, and are bound by the judgment for costs rendered, and they can not attack it by an injunction to restrain its collection. Their remedy is by appeal.

From the Cass Circuit Court.

*J. W. McGreevey* and *F. Swigart*, for appellants.

*J. C. Nelson* and *Q. A. Myers*, for appellees.

OLDS, C. J.:—In 1880 John McKinney filed his petition before the board of commissioners of Carroll county for the construction of a ditch as proposed and described in said petition. Under the act of 1875, Acts of 1875, p. 97, viewers were appointed and reported in favor of the ditch. Thereupon proper notice was given, and the 8th day of June, 1881, fixed for the hearing of the petition. At the time fixed for the hearing Alexander Hardy, Thomas Hardy and William Hardy filed a remonstrance against the construction of the proposed ditch. The grounds of remonstrance being, in substance, as follows:

*First.* That it was identical and the same ditch theretofore established by said board of commissioners.

*Second.* That there is now constructed on 11,194 feet of the proposed line a ditch in full operation of the same dimensions as the proposed ditch.

*Third.* That all persons mentioned in said petition as being interested, etc., have heretofore, by order of the board of commissioners, been assessed, and most of them have paid for the construction of the said ditch of like dimensions on the same line.

*Fourth.* That the construction of said ditch will not be conducive to the public health, convenience and welfare, nor will it be of public utility, and it is not necessary.

*Fifth.* That all of said ditch, except about 80 rods of the upper end thereof, has heretofore been dug and fully completed in accordance with the specifications of said proposed ditch; that the excavation of said 80 rods will drain a valuable pond of stock water on the land of the remonstrants, greatly damaging them in their business of stock raising in which they are engaged; that said remonstrants are now constructing a tile ditch to another part of their land where they can utilize it for stock water and wholly remove it from the land of said petitioner; that if removed and drained by said proposed ditch it will damage said remonstrants in the sum of $2,000, and that the construction of said 80 rods of said ditch has been forever enjoined by an order of the Carroll Circuit Court and can not be constructed but in contempt of said court, which order is of record, in full force and unreversed.

*Sixth.* That the assessments made by the viewers, $1,760.15, as the costs of construction is false and fraudulent, in this, that 11,194 feet of the same is now constructed, and will cost nothing to make it, and that the construction of the remaining 80 rods would not cost more than $424.85.

Reviewers were appointed, who reported against the remonstrants and in favor of the ditch, and the board of com-

missioners ordered said ditch established and constructed. This order was made at the September term, 1881, of the board of commissioners, and the remonstrants immediately appealed from the order in term time to the Carroll Circuit Court. A change of venue was taken to the White Circuit Court, and from there to the Cass Circuit Court. During the pendency of the proceedings William Hardy died, and his widow and heirs were made parties. A trial was had, an appeal taken to the Supreme Court, and the judgment reversed. The costs accruing subsequent to the error for which a reversal was ordered were taxed against the losing party, and a final judgment rendered in the cause establishing the ditch, and the remainder of the costs apportioned among the parties benefited by the construction of the ditch. The record of the proceedings in said cause was certified back to the board of commissioners of said Carroll county, and the amount properly apportioned charged upon the tax duplicate against the persons adjudged benefited by the construction of the ditch, including the appellants. The case appealed to this court is reported in *Hardy* v. *McKinney*, 107 Ind. 364.

These appellants, being those interested except the petitioner and remonstrants in the former suit, bring this suit against the petitioner and remonstrants, the auditor and treasurer of Carroll county, to enjoin the collection of the costs taxed against them.

The appeal and errors assigned present the question as to whether or not all of the parties interested in the ditch, and who were before the commissioners' court in the original proceedings were before the circuit court on appeal, so as to be bound by the final judgment rendered in said cause, or whether the appeal only brought before the circuit court the petitioner and the remonstrants.

In the decision in the case of *Hardy* v. *McKinney, supra,* it was held that on the appeal taken in the case the cause was in the circuit court for trial *de novo*, and that the court or jury trying the case succeeded to all the substantial

duties of the viewers and reviewers, and that the finding or verdict should be sufficiently specific upon every question involved to authorize a judgment finally determining all the matters in controversy.

Under the act of 1875, *supra,* the benefits are assessed and a portion of the work assigned to each parcel of land in proportion to the benefits received. The remonstrance in this case affected the whole ditch. The case being for trial *de novo,* if the court found in favor of the remonstrants on the question of public utility it would terminate the case, and defeat the construction of the ditch. All of the parties assessed for its construction were interested in the result of the case in the circuit court. The circuit court, having the power of the viewers and reviewers, had the right to adjust and fix the assessments, and in case of a variance of the assessments against the remonstrants, or an assessment of damages in their favor, a readjustment in the apportioning and assignment of the work necessarily followed.

Our conclusion is that under the act of 1875, *supra,* the appeal transferred the entire cause to the circuit court for trial *de novo,* and all the persons who were parties to the cause before the board of commissioners were parties in the circuit court, and were bound by the judgment rendered, and they can not attack the judgment for costs in this collateral way. If the judgment was erroneous their remedy was by an appeal in the original case. *Wright* v. *Wilson,* 95 Ind. 408 ; *Meehan* v. *Wiles,* 93 Ind. 52.

Proper notice having been given to the appellants of the pendency of the proceedings in the commissioners' court, they were properly before the court on appeal taken in term time in the cause. They were in the circuit court without further notice.

There is no error in the record.

Judgment affirmed, with costs.

Filed May 15, 1891.