## CRIST *v.* THE WAYNE INTERNATIONAL BUILDING AND LOAN ASSOCIATION.

[No. 18,793. Filed June 5, 1900. Rehearing denied July 10, 1900.]

APPEAL.—*Joint Assignment of Errors.*—An assignment of errors joined in by one who did not appear in the court below, and who took no exception to any action or ruling of the court, is insufficient.

From the Huntington Circuit Court. *Affirmed.*

*T. G. Smith,* for appellant.
*J. M. Hatfield* and *Griffith & Flinn,* for appellee.

MONKS, J.—Appellee brought this action to foreclose a mortgage on real estate, executed by appellants, Jennie Crist and Lyman C. Crist, her husband, to secure an indebtedness evidenced by a bond executed by said Jennie Crist. Afterwards the appellant, Minnie Pashong, upon her application showing that she claimed an interest in the real estate described in said mortgage superior to and free from the lien of said mortgage, was by the court made a defendant to this action. Appellant Jennie Crist made default. After issues were joined the cause was tried by the court, special finding of facts made, and conclusions of law stated thereon in favor of appellee, and, over a motion for a new trial by appellants Lyman C. Crist and Minnie Pashong, a decree of foreclosure was rendered ordering the sale of said real estate to pay the indebtedness secured by said

mortgage.  Appellants, Lyman C. Crist, Jennie C. Crist,
and Minnie Pashong join in the assignment of errors.

The rulings of the court assigned as errors affect only
the appellants Lyman C. Crist and Minnie Pashong, either
jointly or severally, and no ruling or action of the court
affecting all the appellants jointly is assigned as error.  It
is evident that said assignment of errors was not good as to
appellant Jennie Crist, who did not appear in the court
below, and who took no exception to any action or ruling
of the court.

It is settled law in this State that if several appellants
join in an assignment of errors it must be good as to all the
persons joining therein, or it will be insufficient as to each
of them.   Ewbank's Manual, §138; *Sweeney Co.* v. *Fry,*
151 Ind. 178, 181, 182, and cases cited; Elliott's App.
Proc. §839.

Judgment affirmed.