Yeoman *v.* Shaeffer.

---

### YEOMAN ET AL. *v.* SHAEFFER.

[No. 18,761.    Filed June 6, 1900.    Rehearing denied Oct. 5, 1900.]

APPEAL AND ERROR.—*Clerk's Certificate.*—*Drains.*—The certificate of the clerk to the transcript in an appeal in a drainage proceeding that the transcript contains true and complete copies of all the papers introduced and entries made in said cause is insufficient, as required by §662 Burns 1894, as it does not show that all papers pertaining to the case are contained in the transcript.    *p. 310.*

SAME.—*Separate Assignments of Error.*—*Drains.*—In a proceeding for the construction of a drain, under §5655 *et seq.* Burns 1894, the rights of each party remonstrating must be separately determined by the jury, and if a new trial is desired by one or more of the remonstrators. who are the owners of separate tracts of land, a separate motion therefor must be filed, and, upon appeal from the action of the court in overruling such motions for a new trial, a separate assignment of error should be filed by each landowner.    *p. 311.*

From the Jasper Circuit Court.    *Affirmed.*

*B. F. Ferguson, J. E. Wilson* and *E. B. Sellers,* for appellants.

*F. Foltz, C. G. Spitler, H. R. Kurrie* and *W. E. Uhl,* for appellee.

DOWLING, J.—This is a proceeding under the statute to obtain the construction of a public tile drain through certain lands in Jasper county.    §§5655, *et seq.,* Burns 1894. The petition therefor was filed by the appellee with the board of commissioners.    It alleged, among other things, that the ditch would be of public utility; that it would conduce to the public health; that it would drain the lands of the petitioner and of other owners, and render them fit for agricultural purposes; that it would improve the public highways; and that the benefits to be derived from it would largely exceed the cost of its construction.    The appellants, who were a part of such owners and occupants, filed their

remonstrances, averring that each assessment made on the separate tracts of land owned by the appellants was too high as compared with the assessment against the lands of the appellee; that the assessments were too high as compared with the benefits; denying that the proposed ditch would be of public utility, would benefit the public health, or would benefit the public highways; denying, also, that the lands of the remonstrators would be benefited, etc. After various steps before the board, an order was entered directing the construction of the drain, and making assessments upon the lands benefited for the cost of the same.

An appeal to the circuit court was taken by the remonstrators, and the proceedings there resulted in a verdict for appellee. A motion for a new trial was made, and overruled, and a judgment was rendered establishing the drain, and making the necessary assessments for the cost of its construction upon the several tracts of land benefited. From this judgment, the remonstrators, James Yeoman, Robert Yeoman, Joseph Yeoman, Orpheus C. Halstead, Micha B. Halstead, Andrew J. Freeland, and Sarah E. Miller, appealed.

The only error assigned and discussed is the overruling of the motion for a new trial. The assignment is joint. The reasons stated in that motion were: (1) That the verdict was contrary to law; (2) that the verdict was not sustained by sufficient evidence; (3) error in permitting the introduction in evidence of the remonstrance filed by appellants to the third report of the reviewers; (4) error in submitting to the jury the interrogatories answered by them; (5) error in refusing to submit interrogatories requested by appellants; (6) error in giving instructions numbered three, seven, twelve, and fifteen, at request of appellee; (7) error in refusing to give instructions numbered two, three, four, five, six and seven, requested by appellants; (8) error as to appellants A. J. Freeland, Orpheus C. Halstead, Sarah E. Miller, Micha B. Halstead, and Joseph Yeoman,

in refusing to give instruction number seven, requested by them; (9) error in permitting the jury to take to their room the third report of the reviewers; and (10) error in giving instructions numbered two, eleven, thirteen, fifteen, twenty-one, and twenty-two, of the court's own motion.

The preliminary objections are made by the appellee that the certificate of the clerk of the Jasper Circuit Court to the transcript is insufficient, and that, therefore, the appeal should be dismissed; and that the joint assignment of error presents no question on this appeal. The certificate states that the transcript contains true and complete copies of all the papers introduced and entries made in said cause. The precipe directed the clerk to make a transcript of the proceedings, *papers on file introduced,* and judgment. By the provisions of the statute, all proper entries made by the clerk, and all papers pertaining to a cause and filed therein (except certain writs, depositions, and papers used as evidence) are deemed parts of the record, and may be included in the official certificate. §662 Burns 1894. The certificate in this cause is not such as the statute requires, and it does not purport that the transcript is complete. It fails to show that all of the papers pertaining to the cause and filed therein are copied in the transcript. The clerk certifies that only the papers *introduced* are copied. It cannot be assumed that all of the papers pertaining to the cause and filed are contained in the transcript. The certificate derives no aid from the precipe filed by the appellants. It directed the clerk to copy "the papers on file introduced", but did not require him to include in the transcript any paper on file in the cause which was not introduced. But, even if we were disposed to disregard the defect in the clerk's certificate, the objection that, under the joint assignment of error, no question is presented here, would be fatal to this appeal. In proceedings for the construction of drains under the statute referred to, *supra,* it is clear that the rights of each party remonstrating must be

separately determined by the jury in their verdict. §5672 Burns 1894.

If a new trial is desired by any one or more of the remonstrators, we think the correct practice is for each landowner to file a separate motion for a new trial. When the remonstrators are the owners of separate tracts of land, as they are in this case, and each is subjected by the verdict to a separate assessment for the construction of the drain, it cannot be said that they have any such joint interest in the proceedings as will authorize either a joint motion for a new trial, or a joint assignment of error. If any error is committed by the trial court in overruling a motion for a new trial, such error affects the landowners severally, and not jointly, and, upon appeal, a separate assignment of error should be filed by each.

Upon a joint assignment of error, one of several appellants cannot avail himself of errors which are not common to all his co-appellants, but affect him alone. Neither can parties who jointly assign error take advantage of errors which affect them severally, and not jointly. *Walker* v. *Hill,* 111 Ind. 223; *Carr* v. *Carr,* 137 Ind. 232; *Earhart* v. *Farmers Creamery,* 148 Ind. 79; *King* v. *Easton,* 135 Ind. 353; *Goss* v. *Wallace,* 140 Ind. 541; *Wall* v. *Bagby,* 126 Ind. 372; *Mills* v. *Hardy,* 128 Ind. 311; *Sibert* v. *Copeland,* 146 Ind. 387; *Armstrong* v. *Dunn,* 143 Ind. 433; *Breyfogle* v. *Stotsenburg,* 148 Ind. 552; Elliott's App. Proc., §§381-401, and cases cited in notes; *Crist* v. *Wayne, etc., Assn., ante,* 260.

Other objections to the record are pointed out by appellee, but it will not be necessary to consider them. Judgment affirmed.