**BOLT, TRUSTEE, ET AL. v. WARD ET AL.**

[No. 19,330.  Filed March 28, 1901.]

APPEAL.—*Proceedings to Establish Drain.—Collateral Motion.—Bill of Exceptions.*—In proceedings to establish a drain, under the circuit court act (§§4273-4281 Horner 1897), a motion to strike out parts of the commissioners' report, being a collateral motion, can only be made part of the record by a bill of exceptions.  *p. 383.*

SAME.—*Proceedings to Establish a Drain.—New Trial.—Evidence Not in Record.*—In proceedings to establish a drain, a motion for a new

Bolt, Tr., *v.* Ward.

trial on the ground that the finding of the court was contrary to law, in that a drain was established which was not described in the petition, will not be considered on appeal, where the evidence is not in the record.  *p. 383.*

DRAINS.—*Reduction of Assessments by Part of Remonstrants.—Joint Motion to Tax Costs.*—Where three of four remonstrants to a petition for a drain, under §§4273-4281 Horner 1897, succeeded in reducing their assessments more than ten per cent., but the fourth was defeated on all the issues, a joint motion to tax all the costs of the trial against the petitioners was properly denied.  *p. 384.*

From the Clinton Circuit Court.  *Affirmed.*

*J. Claybaugh* and *N. P. Claybaugh,* for appellants.
*Palmer & Palmer,* for appellees.

BAKER, J.—Proceedings to establish a drain under the circuit court act.  §§5622-5631 Burns 1894, §§4273-4281 Horner 1897.  Appellees were petitioners, appellants remonstrants.  The questions argued arise from the denial of appellants' motions, for a new trial, to strike out parts of the commissioners' report, and to tax costs.

Neither the separate assignment, nor the ground for a new trial, that the court erred in overruling appellants' motion to strike out parts of the commissioners' report is available, because the motion, ruling and exception are not brought into the record by a bill of exceptions.  This was a collateral motion and could only be made a part of the record by a bill.  §662 Burns 1894, §650 R. S. 1881 and Horner 1897; Ewbank's Manual §26.

The only other ground in the motion for a new trial is that the finding of the court is contrary to law.  Under this, appellants assert that the court erred in establishing a drain that was not described in the petition.  The ground that the finding is contrary to law challenges the correctness of the legal effect given to the evidence by the court.  Appellants have not brought up the evidence.  They ask a new trial upon an examination of the petition and judgment.  The motion was properly overruled.

There are four appellants.  One was defeated on all

the issues. Three succeeded in reducing their assessments more than ten per cent. Appellants jointly moved to tax all the costs of the trial against the petitioners. This motion was rightly denied because one of the appellants had failed on all the issues. The three who succeeded on one issue, and failed on another, separately moved to tax all the costs of each against the petitioners. The correctness of the court's ruling in allowing each of the three but one-half of his costs is not presented, because the four appellants have jointly assigned error. The four would not be entitled to a reversal for an error committed against one alone. *In re Paskins,* 155 Ind. 173; *Yeoman* v. *Shaeffer,* 155 Ind. 308.

· Judgment affirmed. ·