## CITY BOND COMPANY *v.* WELLS ET AL.

[No. 5,043.   Filed March 8, 1905.]

1. ABATEMENT. — *Liens.* — *Street Assessments.* — *Appeal to Circuit Court.*—Where one or more landowners appeal from a street assessment made by a city council, the whole assessment is superseded, and on appeal, the landowners who did not join in such appeal may plead in abatement of an action to foreclose such street assessment lien, that such appeal has not been determined.   p. 675.

From Hancock Circuit Court; *E. W. Felt,* Judge.

Action by the City Bond Company against Samuel R. Wells and wife. From a decree for defendants, plaintiff appeals. *Affirmed.*

*S. M. Richcreek, Mason & Jackson* and *Dowling & Hough,* for appellant.

*Ephraim Marsh* and *W. W. Cook,* for appellees.

ROBY, J.—1. The issues and facts in this case are identical with those considered in the *City Bond Co.* v. *Bruner* (1905), *ante,* 659, with the exception that the plea in abatement is filed by landowners who did not appeal from the action of the common council in approving the report of the city commissioners. It is shown in the plea that divers persons did appeal from such action to the circuit court, according to the provisions of section five of the act of March 11, 1901 (Acts 1901, p. 534, §3623e Burns 1901), stating as their grievances each ground specified in the statute. It is also shown that such appeals are pending in the circuit court, no final judgment therein having been rendered. If it should be decided upon the trial of such appeal "that the proceedings for such improvement are invalid" there will manifestly be no lien for any amount against any of the persons assessed for the construction of the proposed improvement. If it shall be determined that the benefits assessed are too high in proportion to the benefits

assessed against property similarly situated, the circuit court is expressly given power not only to reduce the assessment of the party appealing, but to modify and equalize the entire assessment.

It is in terms provided that "All persons owning property assessed shall take notice of such appeal and shall be bound by the judgment of the court." Acts 1901, *supra*. The effect of the foregoing provision is to make persons owning property assessed for the construction of the improvement parties to the appeal. As such parties they are not only bound by a judgment adverse to them, but are entitled to the benefit of one releasing them from liability. The legislature did not intend that they should "take notice of the appeal" only in order that the assessment should be firmly fastened upon them. This conclusion is compelled by the language of the act, and accords with the reasoning of the Supreme Court in a case where a similar conclusion was reached, the facts being much more difficult and the propositions much more obscure than in the case under consideration. *Mills* v. *Hardy* (1891), 128 Ind. 311.

Judgment affirmed.