## STARKEY ET AL. *v.* STARKEY ET AL.

[No. 20,653.   Filed February 16, 1906.]

1. APPEAL AND ERROR.—*Final Judgment.*—*What Is.*—Appeals, except as otherwise specially provided by statute, can be taken to the Supreme and Appellate Courts only from judgments disposing of the cause both as to parties and subject-matter so far as the trial court has power so to do.   p. 142.

2. SAME.—*Final Judgment.*—*Form.*—A judgment that "the defendants jointly and severally, and separately and severally, have and recover of and from the plaintiffs their costs herein laid out and expended" shows upon its face that it is final as to all parties.   p. 142.

3. APPEAL AND ERROR.—*Answer Withdrawn.—Demurrer.*—Where a paragraph of answer questioned is withdrawn no question on appeal can be raised thereon. p. 143.

4. SAME.—*Joint Assignments.—Several Interests.*—A joint exception by parties who are only severally affected by a ruling presents no question on appeal. p. 143.

5. SAME.—*Briefs.—Supreme Court Rules.*—Assignments of error not presented nor discussed in appellants' brief are waived. pp. 143, 147.

6. SAME.—*Joint Assignments.—Insufficiency as to One.*—Where joint assignments of error are insufficient as to one of the parties thereto, they are unavailing as to the others. p. 144.

7. MORTGAGES.—*Execution.—Husband and Wife.*—A mortgage executed by the wife alone upon her separate real estate is void. p. 146.

8. WILLS.—*Contest.—Election.—Estoppel.*—Where the husband was an heir and the wife a devisee of the testator, and upon testator's death, the wife, with such husband's knowledge of all the facts as to testator's sanity and the execution of the will, took possession of such devise, collected and retained the rents, and with her husband executed a mortgage thereon, using the money for their joint benefit, such husband elected to take under the will and is estopped from contesting same. p. 146.

From Marion Circuit Court (20,579); *Merle N. A. Walker,* Judge *pro tem.*

Action by Francis P. Starkey and others against Alonzo L. Starkey and others. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*Frederick W. Cady,* for appellants.

*C. R. Cameron, Pierre Gray* and *Elias D. Salsbury,* for appellees.

MONTGOMERY, J.—This action was brought by appellants to contest the will of William H. Starkey, deceased, on the grounds that (1) the testator was of unsound mind, and (2) the will was unduly executed. Appellees Densmore and Mesker answered jointly; Alonzo L. Starkey answered separately, and also in his capacity as executor filed a separate answer; and Della Starkey filed no answer. Appellants' demurrers to the affirmative paragraphs of

answer were overruled, and, electing to stand upon said demurrers and declining to plead further, judgment was rendered against them for costs.

Appellants jointly assign as error the overruling of their demurrer (1) to the second, fourth and fifth paragraphs of answer of the Densmores and Mesker; (2) to the second paragraph of the separate answer of Alonzo L. Starkey; and (3) to the second paragraph of the answer of Alonzo L. Starkey as executor.

Francis P. Starkey assigns as error the overruling of his separate demurrer to the fourth paragraph of answer of the Densmores and Mesker, and Joseph L. Starkey assigns as error the overruling of his separate demurrer to the fifth paragraph of said answer.

Appellee Della Starkey was a devisee under the will in suit, and was made a party defendant. Proof of notice to her by publication was filed in the court below, but

1. no default was entered. Appellees insist that the record does not show a disposition of the case as to Della Starkey, and for that reason the judgment is not final, and this court is without jurisdiction. Appeals lie only from final judgments, except in a few instances for which special provisions have been made. A judgment is not final unless it disposes of the cause both as to the subject-matter and parties, so far as the court before which it is pending has power to dispose of it. Elliott, App. Proc., 85, 90, 91; *Keller* v. *Jordan* (1897), 147 Ind. 113, 115; *Champ* v. *Kendrick* (1892), 130 Ind. 545, 546.

It is not shown that the cause was continued as to Della Starkey, or was left pending in the court below for any purpose. The record discloses that appellants de-

2. clined to plead further, and thereupon it was adjudged that "the defendants jointly and severally, and separately and severally, have and recover of and from the plaintiffs their costs herein laid out and expended." This language is broad enough to include Della Starkey,

and in the consideration of the question now presented we are not disposed to look beyond the face of the judgment, and thereupon hold that the cause was finally terminated as to Della Starkey as well as the other defendants.

The second paragraph of answer of appellees Densmore and Mesker was by leave of court withdrawn, and any alleged error predicated thereon is no longer entitled to consideration. The fourth paragraph of said answer purports to answer only so much of the complaint as states a cause of action in favor of Francis P. Starkey, and the fifth paragraph purports to answer only so much of the complaint as states a cause of action in favor of Joseph L. Starkey. It is accordingly manifest that Joseph L. Starkey was not affected by the court's ruling as to the fourth paragraph, and Francis P. Starkey was not interested in the ruling as to the sufficiency of the fifth paragraph of said answer. It is well settled that parties can not properly join in assigning errors which affect them severally, and for want of a community of interest in the parties we can not consider the sufficiency of either of these paragraphs of answer upon the joint assignment of error. *Bush* v. *McBride* (1903), 159 Ind. 663; *Bolt* v. *Ward* (1901), 156 Ind. 382; *Yeoman* v. *Shaeffer* (1900), 155 Ind. 308; *Crist* v. *Wayne, etc., Assn.* (1900), 155 Ind. 260; *In re Paskins* (1900), 155 Ind. 173.

The second and third joint assignments of error question the sufficiency of the answer of Alonzo L. Starkey. The answers filed in his own behalf and as executor were in substance the same. These assignments, so far as they relate to Joseph L. Starkey, are not presented in any manner, supported, or discussed in appellants' brief, and must therefore be treated as waived. *Storer* v. *Markley* (1905), 164 Ind. 535; *Williams* v. *Citizens Enterprise Co.* (1899), 153 Ind. 496; *Hoover* v. *Weesner* (1897), 147 Ind. 510; *Guy* v. *Blue* (1897), 146 Ind. 629.

The waiver of objection and tacit admission of the sufficiency of the answers by Joseph L. Starkey would ordinarily preclude his joint assignor Francis P. Starkey from further questioning their sufficiency under these assignments. These answers, as addressed to the complaint of Joseph L. Starkey, were manifestly patterned after the answer considered by this court in the case of *Keys* v. *Wright* (1901), 156 Ind. 521; and upon the authority of that case the overruling of the demurrer as to Joseph L. Starkey was justified. The second and third alleged errors jointly assigned, not being well taken as to Joseph L., are likewise unavailing to Francis P. Starkey. *Sibert* v. *Copeland* (1896), 146 Ind. 387, 390; *Yeoman* v. *Shaeffer, supra.*

The fourth paragraph of answer of the Densmores and Mesker, answering the complaint as to Francis P. Starkey, averred: "That the will mentioned in the complaint states and contains, among others, the following devises, bequests and provisions, to wit: '(2) To Della Starkey, wife of my brother Francis P. Starkey, I give and devise lot sixty-two in Sarah Starkey's second addition to the city of Elwood, in Madison county, Indiana. (3) To my brother Joseph L. Starkey I give and devise lot sixty-three in said addition.' That said Francis P. Starkey, named in said item two of said will, is the same Francis P. Starkey who has by the name of Francis P. Starkey appeared and sued as plaintiff herein, and he is the husband of Della Starkey mentioned in item two of said will and who is made defendant in this cause; that immediately after the death of said William H. Starkey and the probate of said will, said Della Starkey, with full knowledge of the mental condition of said William H. Starkey, deceased, at the time said will was executed, and with full knowledge of the manner in which and the circumstances under which the same was executed, together with her husband, Francis P. Starkey, entered into possession of the real estate devised to her by item two of

said will, and has ever since remained in possession thereof, claiming title thereto by virtue of the devise to her under. item two of said will; that during all said time she (Della Starkey) has enjoyed the use of said property and received the rents, profits and income therefrom; that during said time said Della Starkey has been so in possession of said property, receiving the income, rents and profits therefrom under the provisions of said will, and with the knowledge aforesaid, she has received, and yet retains, said rents, income and profits in a large amount, the exact amount being unknown to these defendants; that on or about June 10, 1901, the plaintiff Francis P. Starkey joined with his wife, Della Starkey, in the execution of a certain warranty mortgage to James F. Millikan, conveying the real estate devised to said Della Starkey by item two of said will and held and claimed by her by virtue of said will, to secure to said James F. Millikan the sum of $275, which mortgage was and is duly recorded in book 111, page 182, of the record of mortgages, in the recorder's office of Madison county, Indiana, and said $275 was received and used by said Della Starkey and Francis P. Starkey.

"And these defendants further allege that at the time the plaintiff Francis P. Starkey joined with his wife, Della Starkey, in the execution of the mortgage aforesaid, he knew that said Della Starkey claimed title to said real estate by virtue of the will of said William H. Starkey, as aforesaid, and joined said Della Starkey in said mortgage with full knowledge of the foregoing facts; that plaintiff Francis P. Starkey joined his wife in said mortgage conveying the real estate as aforesaid, and at said time said Francis P. Starkey had full knowledge of the mental condition of said William H. Starkey, deceased, at the time said will was executed, and had full knowledge of the manner in which and the circumstances under which the same was executed, and knew that said Della Starkey had taken possession of the real estate devised to her by the will

as aforesaid, and was in the possession thereof and claiming and receiving the rents, income and profits thereof, and was claiming the right to mortgage the same by virtue of the devise, bequest and provision of the will of said William H. Starkey as above set forth; that by reason of the foregoing facts he, said Francis P. Starkey, ought to be and is estopped from maintaining this action or asserting the invalidity of said will."

A married woman is prohibited by statute from mortgaging her separate real estate, except by an instrument in the execution of which her husband joins. §6962 7. Burns 1901, §5117 R. S. 1881. It is accordingly clear that the mortgage of Della Starkey would have been without force and void, except for the joint and concurrent act of her husband. *Otis* v. *Gregory* (1887), 111 Ind. 504; *Cook* v. *Walling* (1889), 117 Ind. 9, 2 L. R. A. 769, 10 Am. St. 17.

Francis P. Starkey, being an heir of the decedent, had the privilege of exercising an option, either to assail the will as invalid or to acquiesce in its provisions. 8. When required to act he might choose either course, but he could not pursue both at the same time, nor, having deliberately made his election with full knowledge of the facts, might he, without restitution or explanation, repudiate that choice and exercise another. The averments of this answer show that with full knowledge of the provisions of the will, of the mental condition of the testator, of the manner in which and the circumstances under which it was executed, and that his wife was enjoying the use and benefits of and claiming title to real estate devised to her by the will, Francis P. Starkey voluntarily contributed the validating and efficient act to enable his wife to obtain on the security of that title $275 for their joint use and benefit. This conduct on his part was an affirmance of the validity of the will and an unmistakable announcement of his election to acquiesce in its provisions, and, unexplained, pre-

cludes him from seeking to overthrow the will upon the grounds set forth in his complaint. It follows that there was no error in overruling the separate demurrer of Francis P. Starkey to this paragraph of answer. *Keys v. Wright, supra; Cameron v. Parish* (1900), 155 Ind. 329; *Wilson v. Wilson* (1896), 145 Ind. 659; 2 Story, Eq. Jurisp., §1077; Bigelow, Estoppel, pp. 578, 579.

The separate assignment of error of Joseph L. Starkey, not having been presented in appellants' brief, must be regarded as waived. *Storer v. Markley, supra;* 5. *Guy v. Blue, supra; Williams v. Citizens Enterprise Co., supra.*

The judgment is affirmed.