GENERAL FINANCE CORPORATION *v.* SMITH

[No. 18,353. Filed December 11, 1952. Rehearing denied January 14, 1953. Transfer denied March 6, 1953.]

*Paul P. Scharffin* and *Arthur J. Iles,* of Indianapolis, for appellant.

*Ted B. Lewis* and *H. William Irwin,* of Indianapolis, for appellee.

ROYSE, C. J.—This is an appeal from two judgments in favor of appellee against appellant. The record discloses that on appellee's motion the causes were consolidated at the general term of the Superior Court of Marion County. From the record, as hereinafter indicated, it is clear that parties considered each action as separate.

In Cause No. B-76908 appellee brought an action in the Superior Court, Room No. 3, to set aside an alleged usurious contract and to recover the amount of usurious interest paid thereon. In Cause No. B-77009 appellant brought an action in Superior Court, Room No. 4, to replevin the automobile which was the subject of the contract referred to in Cause No. B-76908. Under the order of consolidation this cause was transferred to Room No. 3 of the Superior Court of Marion County.

Subsequent to the consolidation appellant filed its demurrer to appellee's complaint in No. B-76908 on the grounds it did not state facts sufficient to constitute a cause of action and that there was a defect of parties. In its memorandum to this demurrer appellant specifically, in point 3 thereof, waived what it termed the erroneous consolidation of these causes of action. This demurrer was overruled.

The record discloses that thereafter appellee filed his motion for a default judgment in B-76908. This motion averred appellant had failed to comply with the rule of the trial court to answer the complaint and that appellee notified appellant that if it did not file an answer by April 23, 1951 he would ask the trial court to enter judgment by default. On April 28, 1951, the trial court sustained appellee's motion and entered a default judgment against appellant for $255.89.

On May 21, 1951, appellant filed its complaint to set aside said default judgment, which was docketed as Cause No. B-82623. Appellee filed its answer to this complaint on June 11, 1951 and on September 25, 1951 the trial court found for appellee in that action. So far as we are informed, no further action was taken therein.

On February 11, 1952 appellee filed his motion for a judgment on the pleadings in No. B-77009. In this motion he set up the record of the judgment in No. B-76908 and that the pleadings showed he was not in default on payments at the time the replevin action was filed. Appellant's motion to strike out the motion of appellee for judgment on the pleadings was overruled. The trial court sustained appellee's motion and entered judgment against appellant for costs.

The trial court granted appellant's motion to reconsider and after a review of the pleadings reaffirmed its original judgment.

The appellant is here attempting to appeal from both judgments. Its assignment of errors contains eighteen specifications. After appellant filed its brief, appellee filed his motion to dismiss. This motion asserts eight grounds for dismissal. We proceed to consider these in the order they are presented in the brief of appellee.

Appellee first contends that specifications 7 and 8 of the assignment of errors relate solely and only to Cause No. B-76908 in which final judgment was rendered April 28, 1951; that no motion for a new trial was filed in that case, no transcript, no assignment of errors, and no petition for an extension of time to file any of such pleadings was filed within ninety days from the rendition of that judgment, as required by Rule 2-2, Rules of the Supreme Court of Indiana.

It is clear the parties and the trial court treated the cases before us as separate and independent causes of action. Under such circumstances it was the duty of appellant to perfect an appeal within ninety days from the rendition of judgment in No. B-76908. *Keller* v. *Hatfield* (1945), 116 Ind. App. 105, 62 N. E. 2d 400; *State ex rel. Hock* v. *Circuit Court of Morgan Co., et al.* (1949), 118 Ind. App. 676, 83 N. E. 2d 51. Failure to do this deprives this court of jurisdiction in that cause. Therefore, the appeal in Cause No. B-76908 is dismissed.

Assignments of error one, two and three allege error in the consolidation of these causes. As heretofore indicated, even if there were error in this, appellant has waived it.

The other assignments of error relate to rulings and the judgment of the court of Cause No. B-77009. It would serve no good purpose to set these out in this opinion. Appellee's motion to dismiss in reference to No. B-77009 presents no question

that is jurisdictional and therefore must be overruled. *Public Service Commission of Indiana, etc.* v. *Indiana Bell Telephone Company* (decided this week by the Supreme Court) (1952), 232 Ind. —, 108 N. E. 2d 889.

However, an examination of the record and brief of appellant discloses it has either waived or not properly presented any question for review by appeal in this court. Under such circumstances it would be unfair to require appellee to further brief the questions which appellant has futilely tried to present. Although appellee's brief in support of his motion to dismiss was filed November 10th, appellant has not seen fit to file a brief answering the contentions of appellee.

The judgment in Cause No. B-77009 is affirmed. *Public Service Commission of Indiana, etc.* v. *Indiana Bell Telephone Company, supra* (Foot note[1]).

NOTE.—Reported in 109 N. E. 2d 96.