HICKEY *v.* ESTATE OF HICKEY ETC.

[No. 18,900. Filed September 11, 1956. Rehearing denied November 1, 1956.]

*Reuben H. Berman,* of Marion, *Bernard Landman, Bamberger & Feibleman,* all of Indianapolis, *Hugh B. Downey, Milton A. Abrams, and Downey & Sullivan,* of Kansas City, Missouri, for appellant.

*Batton, Harker & Rauch,* of Marion, for appellee.

KENDALL, C. J.—Appellee has filed motion to dismiss this appeal, or, in the alternative, to affirm the judg-

ment, contending that the purported transcript filed in this court is not securely bound in one volume, is not consecutively paged at the bottom thereof, is not completely indexed and contains no marginal notes, all as required by Rule 2-5 of the Supreme Court. Other contentions are presented, but, in view of our decision, it is needless to discuss them. It is apparent that there is not a single bound volume of the transcript before this court, as contemplated by Rule 2-5. There is a bound volume of twenty-one pages of what purports to be the evidence presented at the trial, together with a certificate of the court reporter and the trial Judge signing the Bill of Exceptions. There is likewise a separate sheaf containing twenty pages which purports to give a recital of the proceedings occurring at the trial and containing the exhibits including matters pertaining to inheritance tax, to which sheaf is attached at the front thereof, and not at the back, a purported Clerk's Certificate which makes no reference to certification of the transcript, which Certificate is as follows: ". . . do hereby certify that The attached is a true complete copy of the proceedings had in the Estate of . . ." The purported Clerk's Certificate is not in substantial compliance with the statute or the rules of the Supreme Court. *Tull* v. *David* (1866), 27 Ind. 377; *Yeoman* v. *Shaeffer* (1900), 155 Ind. 308, 57 N. E. 546; *Reid et al.* v. *Houston* (1874), 49 Ind. 181. It is needless to cite authority to the effect that it is the purpose of the certificate of the Clerk to so certify that the transcript is an exact copy or the original of all papers and entries pertaining to the action. A certificate of the Clerk should state that the transcript contains full, true and correct copies of all papers and entries in the cause. *Logan et. ux.* v. *Smith* (1880), 70 Ind. 597. There is nothing before this court that shows any relationship whatsoever between the purported certificate of the sheaf of papers

to the bound one volume which contains the court reporter's certificate. A transcript should be securely bound before filing with the Clerk. *King* v. *Hoover* (1914), 57 Ind. App. 558, 105 N. E. 172. In view of the purported transcript with the reporter's certificate and the Bill of Exceptions as signed by the trial court and the filing of another group of papers with the insufficient Clerk's Certificate which pages thereof are not numbered consecutively with the bound transcript, this court cannot say that the appellant has complied with the case law or with the rules of the Supreme Court in the filing of the transcript.

Further, there is no index whatsoever to the sheaf of papers which bears the Clerk's purported certificate. It is appellant's duty to cause the transcript to be indexed referring to the initialed pages of the direct, re-direct, cross examination and the initial pages of such pleadings, exhibits and other papers thereof. Flanagan, Wiltrout, Hamilton, Indiana Trial and Appellate Practice, Comment 5, ch. 46, §2342.

Neither the transcript nor the sheaf of papers contain marginal notes as required to substantiate a good-faith effort to comply with the rules. Marginal notes are an almost indispensable aid in the use of the transcript. *Smith et al.* v. *The State ex rel. Hamill* (1894), 137 Ind. 198, 36 N. E. 708. If appellant had made an attempt to comply with the rule and had substantially complied therewith so that the purpose of the rule had been served, he would not have been penalized. *State* v. *Sutherlin* (1905), 165 Ind. 339, 75 N. E. 642.

Whenever possible, if within the interpretation of the case law and the rules of the Supreme Court, this court desires to settle cases upon the merits thereof. We cannot, however, overlook appellant's failure to comply with the rules as pointed out by appellee in the foregoing particulars. After appellee's motion

was filed calling appellant's attention to the questions presented in appellee's motion, appellant made no effort to seek permission of this court to correct said errors so that the merits might be considered. See *Williams* v. *Williams* (1953), 123 Ind. App. 495, 112 N. E. 2d 405. We are not at liberty to depart from the decisions of the Supreme Court as well as that court's rule. Since it is apparent that appellant has failed to comply with the rules and has made no effort to correct them, it would be unfair to require appellee to brief the questions which appellant has tried to present. *General Finance Corp.* v. *Smith* (1952), 123 Ind. App. 302, 109 N. E. 2d 96.

Since the judgment of necessity must be affirmed, it is needless to discuss other specifications in which appellee claims appellant failed to comply with the rule. No question being presented to this court, judgment affirmed.

NOTE.—Reported in 136 N. E. 2d 722.