**In re the Marriage of Janet Sue SUMMERS, Appellant–Petitioner,**

v.

**William SUMMERS, Appellee–Respondent.**

**No. 48A02–9012–CV–743.**

Court of Appeals of Indiana, Second District.

May 12, 1992.

---

"bomb." Rather, he challenges only the nature of the devices housed in plastic and detonated at the sand pit.

Teresa A. Shook, Indianapolis, for appellant-petitioner.

Ronald L. McNabney, Anderson and David W. Stone, IV, Stone Law Office & Legal Research, Anderson, for appellee-respondent.

SULLIVAN, Judge.

Janet Summers (Wife) appeals the trial court's judgment dividing the marital property and calculating the amount of child support in the dissolution action which she initiated against William Summers (Husband).

We affirm.

Upon appeal, Wife argues that the trial court improperly divided certain marital assets, and failed to mention at all other marital assets. We do not, however, reach the merits of Wife's arguments, but instead affirm the trial court based upon Wife's noncompliance with the Indiana Rules of Appellate Procedure in bringing her appeal.

Following an evidentiary hearing, the trial court on June 27, 1990 distributed the marital assets between Husband and Wife.

Wife filed the instant appeal on December 20, 1990. On March 18, 1991, Husband filed a Motion to Dismiss or Affirm Appeal, based upon Wife's noncompliance with the rules of appellate procedure. Although the Motion to Dismiss was denied, this court issued the following Order on July 10, 1991:

"[C]ounsel for [Wife] is ordered to withdraw the record of the proceedings from the Office of the Clerk of this Court, *to make appropriate marginal notations on every page of the two volumes of the evidentiary transcript, setting out on every page, who is testifying, the offer and admission of the exhibits and all rulings of the court;* said marginal notations shall be made and the record of the proceedings shall be returned to the Office of the Clerk of this Court within fifteen (15) days from the date of this order...." (Emphasis supplied.)

The aforementioned Order did not impose an unreasonable or unexpected burden inasmuch as it required Wife to do what should have been done under Ind. Appellate Rule 7.2(A)(3)(a).[1] Our examination of the record following the time allotted for Wife's counsel to correct the procedural shortcomings reveals that Wife's resubmitted record falls demonstrably short of compliance with the July 10 Order, and therefore with the requisites of App.R. 7.2(A)(3)(a).

The record in the instant case consists of three volumes containing 483 pages. Following our July 10 Order, there remain in the record well in excess of 150 instances in which Wife failed to comply with our Order and the appellate rules relative to the identification of the witness being examined. In addition, Wife also failed in 36 instances to comply with the Order, and App.R. 7.2(A)(3)(a), relative to identification and admission of exhibits.

Consideration of the merits of most appeals, especially one such as Wife brings

---

1. App.R. 7.2(A)(3)(a) states, in pertinent part: "Notations shall be made on the margin of each page of the transcript of the evidence indicating all motions and the rulings thereon; the exhibits, if any; the instructions given and refused; all rulings of the court; and where the evidence is set out by deposition or otherwise, the name of each witness, and whether the examination is direct, cross, or redirect."

here, requires a detailed examination of the record. The Rules of Appellate Procedure, including such provisions as are contained in App.R. 7.2(A)(3)(a), were enacted not for the purpose of increasing the technical burdens upon counsel, but rather for the purpose of aiding appellate courts in expeditious and efficient consideration of appeals. In particular, marginal notes have correctly been referred to as "indispensable aids" in the process of searching the record, an integral part of most appellate reviews. *See Hickey v. Hickey's Estate* (1956) 127 Ind.App. 9, 136 N.E.2d 722, 724.

This court strongly prefers to consider an appeal upon its merits. However, we cannot ignore noncompliance with the Rules of Appellate Procedure when it is of such magnitude as to impair our resolution of the issues. We have stated before, and reiterate here, that "we will not countenance such loose regard for the rules of appellate procedure." *Reeder v. Ramsey* (1984) 1st Dist., Ind.App., 458 N.E.2d 682, 683 n. 1.

Accordingly, the judgment of the trial court is affirmed. *Sears, Roebuck & Co. v. Roque* (1980) 3d Dist., Ind.App., 414 N.E.2d 317.

SHIELDS and ROBERTSON, JJ., concur.